424 A.2d 1268

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry R. GADDY, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 13, 1980.

Decided Jan. 30, 1981.

Abraham A. Leizerowski, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

This appeal is from an order of the Court of Common Pleas of Philadelphia denying appellant, Henry R. Gaddy, relief under the Post Conviction Hearing Act ("P.C.H.A.").[1] For the reasons stated hereinafter, we affirm.[2]

In 1973, appellant was convicted by a jury of first degree murder, aggravated robbery, and conspiracy. After denial of post-verdict motions by the court *en banc*, appellant was sentenced to life imprisonment on the murder charge and 10–20 years imprisonment on the aggravated robbery charge, sentences to run concurrently.[3] On direct appeal, this Court affirmed the judgments of sentence. *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976). In January 1977, appellant filed a *pro se* P.C.H.A. petition. Counsel was appointed, an amended petition was filed, and after an evidentiary hearing, relief was denied. This appeal followed.

In his P.C.H.A. petition, appellant averred that he is entitled to a new trial (1) because he was denied effective assistance of trial counsel and (2) because Leroy Barnes, a codefendant who testified against appellant at trial, allegedly testified falsely and has now recanted his allegedly false testimony. In this appeal, appellant has abandoned his claim of ineffective assistance of trial counsel and proceeds solely on the claim that the P.C.H.A. court abused its discretion in refusing to grant a new trial in light of Barnes' sworn statement that he had perjured himself at appellant's trial.[4]

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.*

2. Jurisdiction is exercised pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 722(1).

3. Sentence was suspended on the conspiracy charge.

4. Barnes was the Commonwealth's principal witness.

■ At appellant's trial, Barnes testified:

that in late December, 1971, he and the appellant were first approached by one Nathaniel Odom with the idea of robbing Martin Dobkin's store, the Green Front Market. Barnes stated that while he himself expressed some reluctance to go along, [appellant] immediately agreed to the proposal. Nothing came of the plan, however, until January 7, 1972, when [appellant] and Odom finally persuaded Barnes to accompany them on their misadventure. That day they met at Odom's house; Odom produced a loaded .32 caliber revolver which he indicated to the others he was taking with him on the robbery.

At about 5:00 p. m., Odom, Barnes and [appellant] left the house and went to a bar across the street from Martin Dobkin's market. Through a window in the bar door they were able to observe the comings and goings of persons to and from the store. At approximately 6:00 p. m., satisfied that no shoppers remained in the store, the three men moved across the street and entered the store. Inside the storeroom, [appellant] and Barnes placed themselves near the checkout counter, where Dobkin was standing, while Odom moved throughout the store removing various items from the shelves. Odom then came to the counter with his "purchases" and began fumbling in his pockets as though looking for money. Instead of money, however, he withdrew the revolver from his pocket and fired two shots at Dobkin, who fell to the floor clutching his stomach. Odom then leaned over the counter and fired two more shots. Dobkin subsequently died of a gunshot wound to the head.

After the shooting, [appellant] and Odom went behind the counter and rummaged through the victim's pockets and the cash register. Taking what money was there, Odom, Barnes and [appellant] fled from the store . . . . (footnotes omitted).

*Commonwealth v. Gaddy*, 468 Pa. 303, 308–9, 362 A.2d 217, 219–20.

At the P.C.H.A. hearing, however, Barnes testified that he had absolutely no knowledge of the Dobkin murder (N.T.27) and that the whole of his testimony at appellant's trial was untrue. (N.T.29, 32–74, 83). The P.C.H.A. court found Barnes' recantation testimony to be "utterly false" and, in fact, held him on charges of perjury and false swearing: "We are ... convinced that this recantation was motivated not by conscience or a desire to see that truth and justice be done, but rather for ulterior motives on the part of the witness." (Slip op. at 4).

It is well settled that:

Recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true ... There is no less reliable form of proof, especially when it involves an admission of perjury ... (citations omitted).

*Commonwealth v. Coleman,* 438 Pa. 373, 377, 264 A.2d 649, 651 (1970); *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971). Thus, "an appellate court may not interfere with the denial or granting of a new trial where the sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion." *Coleman,* 438 Pa. at 377, 264 A.2d at 651; *Commonwealth v. Nelson,* 484 Pa. 11, 398 A.2d 636 (1979); *Commonwealth v. Mosteller, supra; Commonwealth v. Scull,* 200 Pa.Super. 122, 186 A.2d 854 (1963) (allocatur refused).

The question of Barnes' credibility was clearly a matter for the P.C.H.A. court, since it had ample opportunity to observe his manner and demeanor during a full evidentiary hearing. *Commonwealth v. Nelson, supra; Commonwealth v. Coleman, supra.* The record more than adequately supports the finding that Barnes was totally lacking in credibility at the P.C.H.A. hearing, and we will not disturb that finding on appeal.

Accordingly, the order of the P.C.H.A. court denying appellant relief is affirmed.