437 A.2d 1007

COMMONWEALTH of Pennsylvania,

v.

**Wilbur Lee BELLAMY, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed Nov. 30, 1981.

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from judgments of sentence for robbery, theft, and criminal conspiracy. Appellant requests an arrest of judgment or a new trial, or remand for an evidentiary hearing on his trial counsel's effectiveness. Appellant has made no argument in support of an arrest of judgment or a new trial that has not been adequately addressed by the lower court. We shall therefore affirm the judgments of sentence. Appellant's request for an evidentiary hearing, however, has merit, and will be granted.

Before trial, appellant's counsel moved to suppress appellant's criminal record. The lower court stated that it would "defer a ruling on that [motion] until the close of the Commonwealth's case." Suppression Hearing at 43. At the close of the Commonwealth's case, however, trial counsel did not renew the motion to suppress. As a result, appellant contends, he did not testify in his own defense. The failure to testify may be devastating to one's defense. It may be assumed that a jury will give a silent defendant the benefit of the presumption of innocence due him, but still, the defendant will have lost the value of his own testimony regarding the events that led to his arrest. Here we cannot tell from the record why counsel did not renew the motion to suppress, nor whether his failure to do so was a substantial factor in appellant's decision not to testify. Accordingly, we must remand for an evidentiary hearing. *See, Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Miller*, 283 Pa.Superior Ct. 411, 424 A.2d 531 (1981). On remand, the lower court should appoint counsel to represent appellant who is not associated with the Public Defender, who represented appellant at trial and on this appeal.

The judgments of sentence are affirmed, and the case is remanded for further proceedings consistent with this opinion.