455 A.2d 1232

**COMMONWEALTH of Pennsylvania**

v.

**Sanford BERNSTEIN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1981.

Filed Jan. 28, 1983.

574

A. Charles Peruto, Philadelphia, for appellant.

James B. Martin, Assistant District Attorney, Allentown, submitted a brief on behalf of Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

McEWEN, Judge:

We here review an appeal from a judgment of sentence to a term of imprisonment of from five to ten years and a fine of $25,000.00 imposed following a finding by a jury that appellant Sanford Bernstein was guilty of criminal solicitation to murder his then estranged wife. We vacate the judgment of sentence and remand for an evidentiary hearing.

Appellant first argues that the Common Pleas Court committed an abuse of discretion when it denied the motion for a new trial on the basis of after-discovered evidence, specifically, a recantation statement made by Jim Coleman, a principal Commonwealth witness and an acquaintance of both appellant and Mrs. Bernstein.[1] Coleman testified at trial that appellant told him, "I want you to blow my wife away" and asked Coleman to name his price. The next day Coleman informed Mrs. Bernstein and one of her private security guards about this conversation, and they in turn informed the Allentown Police Department.[2] Tony Padrone, an officer of the Catasauqua Police Department, and one of the number of private guards hired by Mrs. Bernstein, contrived with Coleman to arrange a telephone conversation between Coleman and appellant over which Padrone and two other officers, who also worked as private security guards for Mrs. Bernstein, might eavesdrop. In the presence of Officers Padrone, Layton and Alvin, Coleman advised appellant by telephone that he himself could not carry out the murder but that he could arrange for

1. Appellant has included in the reproduced record statements from two persons which corroborate the recantation statement of Coleman. Appellant did not, however, refer to these two statements in the motion for new trial on the basis of after-discovered evidence. Thus, we do not consider these statements in our review of this case.

2. Mrs. Bernstein testified at trial that as a result of prior threats made against her by appellant, she had hired a number of off-duty police officers to act as private security guards.

someone else to do so, and pursuant to the plan of the officers, Coleman subsequently advised appellant that Alvin would be interested in the job. Coleman further testified that appellant subsequently discussed with Alvin, at an arranged meeting, the different methods of and fees for the murder of Mrs. Bernstein and delivered to Alvin the sum of $5,000.00 as partial payment for the murder.

The after-discovered evidence upon which the motion for new trial was based was a recantation statement made by Coleman in which he stated (1) that appellant only kidded about "blowing his wife away"; (2) that, following his meeting with appellant, appellant did not contact Coleman, but, rather, the law enforcement officials, who also acted as private security guards for Mrs. Bernstein, were the ones who suggested that Coleman get in touch with appellant; (3) that when appellant met Alvin, Coleman did not hear any discussion concerning a plan for the murder of Mrs. Bernstein; and (4) that the officers employed by Mrs. Bernstein had told him what to say.

Our Supreme Court has held that after-discovered evidence is the basis for a new trial if it:

> (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Valderrama*, 479 Pa. 500, 505, 388 A.2d 1042, 1045 (1978), *citing Commonwealth v. Mosteller*, 446 Pa. 83, 88, 284 A.2d 786, 788 (1971).

The Common Pleas Court here carefully scrutinized the after-discovered evidence but did not conduct an evidentiary hearing. Rather, the court determined that, even if the recantation statement were true, the recantation evidence was more corroborative than contradictory, the points in conflict were not critical and the evidence was not of such a nature as to compel a different result than the verdict of

guilty that had been rendered by the jury. As a result, the court refused to grant a new trial on the basis of this after-discovered evidence.

It is our view, however, that the after-discovered evidence, namely, the allegations in the notarized statement of Mr. Coleman, the principal Commonwealth witness, given some six months after the trial, is not merely corroborative, is not merely cumulative and does not merely impeach the credibility of a witness. Rather, the post-trial statements of Mr. Coleman impact not only upon the state of mind of appellant during those early discussions which composed a portion of the criminal solicitation, but also upon the defense of appellant that the agents employed to guard the purported victim were provocateurs who stimulated the criminal solicitation. While it may be true that the Commonwealth produced evidence that would have enabled a finding of guilt even without the testimony of Mr. Coleman, a premise of some doubt, the testimony of Mr. Coleman was an integral part of the presentation of the Commonwealth and his testimony concerning the criminal conduct of Mr. Bernstein, as well as the activities of the agents of Mrs. Bernstein, was certainly evidence that would have received careful consideration by the jury. We conclude, therefore, that the after-discovered evidence is of sufficient substance that the Common Pleas Court must hold an evidentiary hearing to determine whether the recantation statement of Mr. Coleman is credible.

We realize that recantation testimony is considered extremely unreliable and that it is the duty of the trial court to deny a new trial unless satisfied that such testimony is true. *Commonwealth v. Gaddy*, 492 Pa. 434, 424 A.2d 1268 (1981); *Commonwealth v. Nelson*, 484 Pa. 11, 398 A.2d 636 (1979); *Commonwealth v. Coleman*, 438 Pa. 373, 264 A.2d 649 (1970). The issue of credibility can better be resolved, however, when the trial court conducts a full evidentiary hearing and is thereby able to observe the manner and demeanor of the witness as he delivers his recantation testimony in an adversary proceeding. *See Commonwealth v. Gaddy, supra.* The conduct of such a

hearing is especially necessary in this case since the Common Pleas Court Judge who studied and decided the post-trial motions was not the trial judge and had not been afforded an opportunity to witness the testimony and observe the demeanor of the recantating witness. Thus, we remand to the Common Pleas Court to conduct an evidentiary hearing and determine whether the recantation evidence is sufficiently credible to warrant the grant of a new trial.

Appellant sets forth three additional questions for our consideration:

Did the lower court abuse its discretion in sentencing the appellant to the maximum sentence provided by the law? Was trial counsel ineffective for failing to object to improper remarks in the prosecutor's closing speech? Was trial counsel ineffective for failing to request an instruction to evaluate Commonwealth witnesses, Michael Alvin and/or James Coleman, as accomplices?

After a thorough review of the record and a careful study of the briefs for the parties, we conclude that there is no merit to these contentions.

Accordingly, we vacate the judgment of sentence and remand for an evidentiary hearing consistent with this opinion. Jurisdiction is relinquished.