468 A.2d 806

COMMONWEALTH of Pennsylvania

v.

Wilbur Lee BELLAMY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 14, 1983.

Filed Dec. 2, 1983.

Eric J. Cox, Harrisburg, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, MONTEMURO and HESTER, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Wilbur Lee Bellamy requesting relief under a Post Conviction Hearing Act (PCHA)[1] petition alleging ineffective assistance of trial counsel. Bellamy contends that his trial counsel was ineffective in failing to properly advise him regarding his decision whether or not to testify at trial. Bellamy originally expressed a desire to testify at trial in order to establish an alibi, however, he was concerned about his prior convictions being introduced to impeach his credibility. Trial counsel filed a motion to suppress Bellamy's prior convictions in a pretrial omnibus motion. The lower court deferred ruling on the motion to suppress the prior convictions until after the Commonwealth's case-in-chief at trial. At that point in the trial, Bellamy's counsel did not renew the motion to suppress and so the trial court was not called upon to make a ruling. *See, Commonwealth v. Miller,* 465 Pa. 458, 350 A.2d 855 (1976).

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.,* repealed, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) (1397) effective June 27, 1980, as amended by the Act of June 26, 1980, P.L. 265, No. 77, § 1, delaying repeal until June 27, 1981, as further amended by the Act of June 26, 1981, P.L. 123, No. 41 § 1, delaying repeal until June 26, 1982, repealed by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, replaced by 42 Pa.C.S.A. 9541 *et seq.*

Bellamy, who did not testify at trial, argues that ineffectiveness of his trial counsel precluded him from making a knowing and informed decision regarding whether he should testify. Specifically, he contends that: (1) trial counsel never informed him of the motion and the possibility that his prior convictions might be suppressed, but instead advised him not to testify because his prior convictions *would* be admitted to impeach his testimony at trial; and, (2) even had he been aware of the motion to suppress, he could not have made an informed decision absent a definitive ruling on the motion.

This court previously ordered a remand in this case for an evidentiary hearing on the issue of ineffectiveness of trial counsel. *Commonwealth v. Bellamy*, 293 Pa.Super. 95, 437 A.2d 1007 (1981). That opinion instructed that the hearing develop why counsel did not renew the motion to suppress, and whether his failure to do so was a substantial factor in Bellamy's decision not to testify. An evidentiary hearing was held during which both trial counsel, Maurino Rossanese, and Bellamy testified. The lower court subsequently entered an order dismissing the petition and issued an accompanying opinion. In that opinion the lower court determined that the central issue was one of credibility, which they resolved against Bellamy.

While the lower court's dismissal of Bellamy's ineffective assistance of counsel claim was not couched in terms of the well-established standard for analysis of such claims, it is clear that the traditional test was met. That test requires a two-step inquiry. Initially, it must be determined whether the issue underlying the charge of ineffectiveness is of arguable merit. If arguable merit exists, the inquiry shifts to a determination of whether the course selected by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Burton*, 491 Pa. 13, 417 A.2d 611 (1980); *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980).

Applying this test, we consider whether the issue underlying the charge of ineffectiveness of counsel is of arguable

merit. It is imperative that the underlying issue be properly identified. The thrust of Bellamy's petition is that he did not have the opportunity to make an informed decision. It is significant that Bellamy does not contend that the motion to suppress was meritorious and he would have testified upon a ruling in his favor. The underlying issue, therefore, is *not* whether the motion would actually have been granted, but whether Bellamy's decision not to testify was informed.

The lower court correctly perceived that the crux of this issue was credibility. Rossanese testified that "prior to the trial" [2], he discussed the *motion to suppress* with Bellamy, indicating how it operated and that the likelihood of suppression was lessened since he could present his alibi through other witnesses.[3] *See, Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). Rossanese stated that Bellamy was adamant that his prior record not be brought before the jury. Rossanese responded that the motion would have to be put before the judge, the judge would have to make a ruling, and if the motion was granted, the Commonwealth could not bring Bellamy's convictions before the jury. Rossanese related that at the close of the Commonwealth's case,[4] he asked Bellamy if he wanted to take the stand, to which Bellamy replied "No. I don't. Forget it." (N.T. 9) At that juncture, Rossanese believed it would be pointless to pursue the motion.

Bellamy testified that he conferred with Rossanese just before the trial commenced, and was advised not to take the stand because of his prior convictions. He said the Rossanese *never* discussed the motion to suppress with him and that he was never informed of his option to try and keep the prior convictions out.

2. Bellamy's testimony reveals that this conversation took place in the Montgomery County Prison just before he was brought over to the courthouse for the commencement of the trial.

3. The defense had listed three alibi witnesses. Bellamy's proposed testimony would have been corroborative of that testimony.

4. The Commonwealth closed on the morning of the second day of trial.

On the basis of this record and the lower court's observance of the demeanors of Rossanese and Bellamy, they found the former to be credible and the latter to be incredible. They concluded that Bellamy knew he had a right to press the motion, but decided for his own reasons not to testify. Furthermore, the lower court found that Rossanese's failure to pursue the motion to suppress was not a substantial factor in Bellamy's decision not to testify. In essence, therefore, the lower court held that Bellamy's decision not to testify had been informed. Such a holding was tantamount to a determination that the issue underlying the charge of ineffectiveness of counsel was without arguable merit.

On appeal from a decision in a proceeding for post conviction relief under the PCHA, the findings of the court below will not be disturbed by the reviewing court unless they have no support in the record. *Commonwealth v. Young*, 433 Pa. 146, 249 A.2d 559 (1969). There is ample support in the record for the lower court's findings in both the testimony of the trial counsel and the fact that the motion to suppress had indeed been filed.

Accordingly, we affirm the Order of the trial court.

CAVANAUGH, J., concurred in the result.