548 A.2d 573

**COMMONWEALTH of Pennsylvania**

v.

**Elmer C. McCLUCAS, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 1988.

Filed Sept. 30, 1988.

204

Patricia A. Wenger, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before OLSZEWSKI, MONTGOMERY and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order dismissing appellant's Post Conviction Hearing Act (PCHA) petition without an evidentiary hearing. Appellant asserts that the trial court erred in dismissing the petition when it raised: (1) the subsequent availability of exculpatory evidence that would have affected the outcome of the trial, and (2) the ineffectiveness of trial counsel for failure to appeal. We affirm.

In February, 1985, as the result of numerous incidents that occurred between appellant and his daughter, L.M., appellant was charged with corruption of minors, endangering the welfare of children, incest, indecent assault, two counts of simple assault, and three counts each of rape and statutory rape. On June 28, 1985, after a waiver trial, the court found appellant guilty of corruption of minors, incest, two counts of simple assault and three counts each of rape and statutory rape. After denying post-trial motions, the trial court sentenced appellant to concurrent terms of five-to-ten years for the three rapes, one-to-two years for the incest charge, and six-to-twelve months for simple assault. This Court affirmed the judgment of sentence on October 14, 1986. *Commonwealth v. McClucas*, 357 Pa.Super. 449, 516 A.2d 68 (1986).

On December 7, 1987, appellant filed a *pro se* petition under PCHA. Appointed counsel filed a supplemental petition on January 6, 1988. The petition was denied without a hearing on February 22, 1988, and this appeal followed.

Appellant first contends that the PCHA court erred in denying appellant's petition when it alleged that evidence had become available after trial that would have affected the outcome of the trial. Preliminarily, we note that:

The standard for determining whether the petition warrants a hearing is statutorily prescribed.

(a) When required.—If a petition alleges facts that, if proven, would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.

(b) When not required.—The court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

42 Pa.C.S. § 9549(a), (b).

The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition. A petition may be denied with no hearing whatsoever when the petition asserts allegations which are frivolous; have already been adjudicated; or have been waived.

*Commonwealth v. Weddington,* 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987) (footnotes omitted).

 When examining a PCHA court's grant or denial of relief, our scope of review is limited to determining whether the court's findings were supported by the record and its order otherwise free of legal error. *Commonwealth v. Johnson,* 347 Pa.Super. 93, 500 A.2d 173 (1985), *citing Commonwealth v. Broadwater,* 330 Pa.Super. 234, 241, 479 A.2d 526, 530 (1984); *Commonwealth v. Bellamy,* 321 Pa.Super. 471, 475, 468 A.2d 806, 808 (1983). We will not disturb the findings of the PCHA court unless they have no support in the record. *Id.* Further, with respect to issues of credibility we must defer to determinations made by the PCHA court. *Id., citing Commonwealth v. Jones,* 324 Pa.Super. 359, 363, 471 A.2d 879, 881 (1984).

Therefore, we proceed to evaluate appellant's claims under this established standard. Our review of appellant's supplemental PCHA petition reveals that appellant asserted as follows:

9. The petitioner is eligible for relief because of the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have

affected the outcome of the trial if it had been introduced, as follows:

(a) [L.M.] was a material witness for the prosecution. [L.M.] was the purported victim of the alleged criminal acts.

(b) Without [L.M.'s] testimony at trial, it is likely that the finder of fact would not have found the petitioner guilty of the above-captioned charges.

(c) [L.M.] has told her mother that her testimony at trial was untrue. Specifically, [L.M.] falsified stories regarding the actions of petitioner thereby providing false evidence that led to the conviction of petitioner in the above-captioned charges.

(d) [L.M.] did not admit to the falsity of her statements until after the conclusion of petitioner's trial on the above-captioned charges.

Supplemental petition at 3.

The PCHA court determined that appellant's claim failed "for lack of specificity." Opinion at 3.[1] It is well settled that in order for after-discovered evidence to justify the grant of a new trial, "the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would compel a different result." *Commonwealth v. Ryder*, 488 Pa. 404, 407, 412 A.2d 572, 573 (1980), *quoting Commonwealth v. Schuck*, 401 Pa. 222, 229, 164 A.2d 13, 17 (1960), *cert. denied* 368 U.S. 884, 82 S.Ct. 138, 7 L.Ed.2d 188 (1961) (citations omitted). Moreover, in order for appellant to obtain relief on this basis under the PCHA, appel-

1. We note that the PCHA court, as one ground for denial of relief, incorrectly determines that appellant's claim is not properly raised in a PCHA petition, "but rather should be presented to the trial court pursuant to Pa.[R.]Crim.P. 1123." Opinion at 2. The Post Conviction Hearing Act, however, specifically provides for relief when a sentence resulted from the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have affected the outcome of trial. 42 Pa.C.S.A. § 9543(3)(xiii). Because the PCHA court provided an accurate alternate ground for denying the petition, however, the impropriety is of no consequence.

lant's petition "must either include affidavits, records and other supporting evidence or state why they are not included." 42 Pa.C.S.A. § 9545(b)(2). "The burden of establishing the ground upon which post-conviction relief is requested rests upon the person seeking that relief." *Commonwealth v. Brown*, 313 Pa.Super. 256, 259, 459 A.2d 837, 839 (1983), *quoting Commonwealth v. Logan*, 468 Pa. 424, 433, 364 A.2d 266, 271 (1976).

■ Instantly, appellant, in his PCHA petition, failed to support his allegation of after-discovered evidence with any evidence that would render the claim more than a bald allegation.[2] Appellant did not attach a sworn affidavit of his daughter's alleged recantation nor did he explain its absence. Furthermore, as the trial court noted, appellant did not specify when the alleged recantation occurred.[3] The trial court was, therefore, entirely correct in dismissing appellant's petition without a hearing on the grounds of lack of specificity.[4]

Despite the technical flaws in appellant's petition, however, we will proceed to evaluate the merits of his claim because of the grievous nature of the offenses for which appellant now seeks a new trial. As has already been

2. Appellant has attached to his brief a letter from his daughter stamped February 5, 1988 in which she recants her testimony at trial. This letter is not a part of the record on appeal in this court. It is absolute that on appellate review a court may not consider facts outside the record. *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981) *citing Commonwealth v. Young*, 456 Pa. 102, 115 & n. 15, 317 A.2d 258, 264 & n. 15 (1974) (citing numerous cases). *See also, Commonwealth v. Jackson*, 329 Pa.Super. 293, 478 A.2d 474 (1984) (letters attached to Commonwealth's brief, but not part of record, could not be considered by appellate court).

3. The trial court notes that although appellant stated in his petition that the daughter recanted her testimony after conclusion of the trial, he does not specify when this alleged recantation occurred. Had the alleged recantation occurred, for instance, prior to the filing of post-trial motions this issue would be waived.

4. We note that appellant had the aid of counsel in the filing of his supplemental petition. This is, therefore, not a case where we should be liberal in our application of procedural rules to appellant's petition. *Commonwealth v. Garrison*, 303 Pa.Super. 555, 450 A.2d 65 (1982) (pro se petitions must be read with liberality).

stated, a PCHA petitioner is eligible for relief if he can prove the following:

(3) That his conviction or sentence resulted from one or more of the following reasons:

\* \* \* \* \* \*

(xiii) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

42 Pa.C.S.A. § 9543(3)(xiii).

■ Appellant contends that the alleged recantation of the daughter's testimony falls into the above category. We disagree for the reason that the alleged recantation is not evidence which was unavailable at the time of trial. Evidence which is truly after-discovered evidence is that which comes to light after trial, and about which defendant is unaware. *Commonwealth v. Frey,* 512 Pa. 557, 517 A.2d 1265 (1986). Had appellant, in fact, not committed the acts upon which his convictions were based and had the daughter, in fact, fabricated the incidents she related at trial, this would have been known by appellant at the time of trial where he was free to elicit this information or attack the witness's credibility as the rules of court allowed. *See, Commonwealth v. Frey, supra* (alleged recantation of witness/accomplice's testimony was not after discovered evidence for the reason that appellant, as a party to the events, was obviously aware of them at the time of trial).

Furthermore, the nature of the after-discovered evidence upon which appellant bases his claim for relief is inherently unreliable. As a matter of general principle, recantation evidence is extremely unreliable and a new trial should not be granted unless the trial court is satisfied that the recantation is true. *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Nelson,* 484 Pa. 11, 398 A.2d 636 (1979). Specifically, with respect to the instant case, the daughter's testimony at trial of her father's sexual assaults on her was corroborated by three other prosecution

witnesses.[5] Additionally, the daughter testified at trial, again with support by other witnesses, of threatening behavior towards her by her parents.[6] In view of this evidence, the trial court chose to disbelieve the daughter's alleged recantation. Without reservation, we affirm the trial judge's finding in this regard.[7]

Appellant's second issue alleges the ineffectiveness of his prior counsel for not appealing three of the issues raised and denied in his post-trial motions, specifically: (1) the evidence was insufficient to establish the *corpus delicti;* (2) appellant's admissions were improperly admitted into evidence; and (3) communications between appellant and the

5. The prosecution presented the testimony of a caseworker at Dauphin County Social Services for Children and Youth (CYS), a caseworker supervisor from the same agency, and a clinical psychologist from the Hershey Medical Center. All three witnesses testified to admissions made by appellant of sexual assaults perpetrated upon his daughter. (N.T. pp. 85, 86, 87, 92, 115.)

6. The prosecution presented the testimony of two other witnesses who testified to seeing bruises on the daughter's body. Additionally, the daughter's testimony that her parents locked her in her room without food was lent support by the testimony of a classmate who stated that he bought food for her and threw it up to her at her bedroom window. (N.T. pp. 95–104.)

7. We acknowledge appellant's argument that the issue of credibility of recantation evidence is one which is better resolved following a full evidentiary hearing where the court is able to observe the manner and demeanor of the witness as he delivers his recantation testimony in an adversary proceeding. *Commonwealth v. Bernstein,* 309 Pa.Super. 573, 455 A.2d 1232 (1983). Notably, however, *Bernstein* involved the situation where the judge ruling on defendant's motion alleging after-discovered recantation evidence was not the trial judge. The case *sub judice* presents a situation contrary to *Bernstein* in that, instantly, the judge making the determination regarding the recantation evidence is the same judge who presided over the trial and observed the now recanting witness's testimony. The judge was also able to observe and thus determine credibility of the witnesses who corroborated the daughter's testimony of sexual assaults and threatening behavior. Thus, appellant's argument lacks merit when applied to the instant situation.

Furthermore, we note that the daughter, in her recantation letter, states that she will not testify again. Any hearing to determine the credibility of the recantation evidence would necessarily focus exclusively upon the daughter. In view of the daughter's statement, she would undoubtedly prove at best to be a reluctant witness from whom an accurate and valid determination of credibility could not be gleaned.

psychologist and CYS caseworkers were privileged and, therefore, improperly admitted in evidence. We deal with each of these contentions *seriatim.*[8]

■ Preliminarily, we note that when faced with a challenge to the effectiveness of counsel we must first determine whether the underlying claim is of arguable merit. If the underlying claim presents arguable merit, we must evaluate whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests. Finally, the appellant must establish that the alleged ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Instantly, we have determined that none of the issues underlying the ineffectiveness of counsel claim have arguable merit.

■ The first underlying claim is that the evidence was insufficient to establish the *corpus delicti* of the crime. Appellant directs his argument to the specific crime of statutory rape. Evidence of penetration is a necessary element in proving the *corpus delicti* of statutory rape. *See, Commonwealth v. Grassmyer,* 237 Pa.Super. 394, 352 A.2d 178 (1975). Although the daughter testified to penetration at trial, appellant contends that this testimony was vague and inconsistent and, therefore, was insufficient to establish the *corpus delicti.* This claim is meritless for the reasons as stated by the trial court in its opinion following post-trial motions. Specifically, the court stated the following:

8. The trial judge correctly noted that appellant's claim of ineffectiveness of counsel fails for lack of specificity. In his PCHA petition, appellant failed to specify how his prior counsel's failure to appeal prejudiced him. In short, appellant's petition failed to comply with 42 Pa.C.S.A. § 9545(b)(1) which requires that a PCHA petition state "... all facts in support of the alleged error on which the petition is based." *Commonwealth v. Brown,* 313 Pa.Super. 256, 459 A.2d 837 (1983) (failure to state exactly what was wrong with counsel's stewardship and how it prejudiced defendant results in abstract and unsupported allegations which must be rejected). Once again, however, we will evaluate the merits of these claims because of the serious nature of the case.

In the present case the Commonwealth established through the testimony of the victim that the defendant had sexual intercourse with her over an extended period of time beginning when she was 11 years old (N.T. 28, 29, 34). The victim also testified that penetration had taken place (N.T. 18, 43–44). She appeared confused as to dates; however, that confusion appeared to result more from nervousness than from unbelievability. Nor did she appropriately define "sexual intercourse" at the outset of her testimony (see N.T. 16). However, that failure, too, can be attributed to her nervous state at trial, and as it was made clear during the course of her testimony that she understood what the act entailed and that that act was in fact what took place, the corpus delicti was sufficiently established ...

Opinion, February 26, 1986, pp. 2–3.

■ Next, appellant contends that his statements to the CYS caseworkers and the psychologist were improperly admitted for the reason that an extra-judicial admission of a defendant cannot be received into evidence for the purpose of showing that a crime has been committed. This contention is meritless. Once the corpus delicti of a crime has been established, as was done in this case, the admission of a defendant may be properly used by the Commonwealth as further proof of the crime. *Commonwealth v. Shoff*, 273 Pa. 377, 417 A.2d 698 (1980).

■ Finally, appellant contends that his admissions to the CYS caseworkers and the psychologist were confidential information which should not have been disclosed without his consent. This contention is completely meritless in view of our decision in *Commonwealth v. Arnold*, 356 Pa.Super. 343, 514 A.2d 890 (1986). In *Arnold*, our Court dismissed the appellant's claim that he was entitled to the privilege of confidentiality and privacy pertaining to inculpatory statements made to a CYS worker. In so holding, our Court stated the following:

The issue of confidentiality is not present here as CYS is not only a treatment agency but is the investigative arm

of the statewide system of Child Protective Services. It is clear from the act that depending upon its findings, it has a wide range of responsibility including initiating court action, if necessary (supra). Thus while appellant was on notice from the law that his statements could be used against him in court actions, ... he had no privilege of confidentiality in that regard ...

*Id.*, 356 Pa.Superior Ct. at 353, 514 A.2d at 895.[9]

For all the foregoing reasons, therefore, we affirm the trial court's denial of appellant's claims without a hearing.

**9.** Although the clinical psychologist was the head of a child protective team at Hershey Medical Center and was called every time there was an incident of child abuse, it does not appear that she was directly affiliated as an employee or agent of CYS. While we feel that her position as head of the child protective team links her sufficiently with CYS and its objectives to render the inculpatory statements made to her by appellant admissible under *Arnold*, we note as further support of our decision to admit the evidence that there existed no psychologist-patient relationship between the doctor and appellant from which the privilege of confidentiality could have derived. The doctor testified that she was called to see the daughter and her mother at the time of the daughter's examination at the hospital. Further, the doctor testified that she did not have a therapeutic relationship with appellant, but that her subsequent meeting with him was for the purpose of understanding the daughter's background and to aid in helping the daughter in any way possible. It was at this meeting that appellant made the inculpatory statements.