J-S02039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHIM JOHNSON | : | |
| | : | |
| Appellant | : | No. 3209 EDA 2022 |

Appeal from the PCRA Order Entered December 12, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014460-2013

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 16, 2024**

Rahim Johnson appeals from the order entered December 12, 2022, in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history gleaned from the trial court's opinion are as follows: Appellant was charged with murder, REAP, and various firearm violations stemming from a fatal 2013 shooting. Appellant made a confession in an interview conducted by Detective Morton and Detective Pitts. Three eyewitnesses to the shooting who could identify Appellant were prepared to testify for the Commonwealth. Notably, none of those witnesses were interviewed by Detective Pitts. Appellant entered a negotiated guilty plea

_____

[*] Former Justice specially assigned to the Superior Court.

on November 24, 2014, and was sentenced to an aggregate of 25-50 years' incarceration. Appellant did not file any post-sentence motion or appeal.

In November 2017, it became public news that Detective Pitts had engaged in coercive tactics when interviewing witnesses and that multiple murder convictions obtained in Philadelphia had been reversed on the basis of that Detective's perjury. In December 2017, Appellant filed a *pro se* PCRA petition based on the newly-discovered conduct of Pitts' misconduct in other cases. On December 13, 2017, appointed counsel for Appellant filed an amended PCRA petition. On December 12, 2022, the PCRA court dismissed Appellant's petition without a hearing. This appeal followed. **See** Tr. Ct. Op. at 1-2 (unpaginated).

Appellant raises one issue for our review:

DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING WHERE PETITIONER'S DISCOVERY OF A POLICE DETECTIVE'S SERIAL MISCONDUCT SATISFIED THE 42 PA.C.S. § 9545(b)(1)(i) AND (ii) "NEW FACTS" AND GOVERNMENTAL INTERFERENCE EXCEPTIONS TO THE ONE-YEAR DEADLINE FOR FILING A PCRA PETITION?

Appellant's Br. at 4.

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. **Commonwealth v. Patterson**, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. **Commonwealth v. McClucas**, 548 A.2d 573 (Pa. Super. 1988).

Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Appellant's judgment of sentence became final, for purposes of the PCRA, on December 24, 2014. Tr. Ct. Op. at 4 (unpaginated); **See** 42 Pa.C.S.A. § 9545(b)(1)-(3). Consequently, Appellant's instant PCRA petition, filed on December 13, 2017, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[1] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Appellant purports to invoke the government interference and the newly-discovered facts exceptions. First, he argues that the exposure of Pitts' unlawful tactics in the Daily News article constitutes a newly-discovered fact that satisfies the exception to the PCRA time-bar. *See* Appellant's Br. at 12. We disagree.

The newly-discovered facts exception to the PCRA time bar confers jurisdiction on the PCRA court and "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation omitted). The Pennsylvania Supreme Court has "explained that the exception set forth in Section 9545(b)(1)(ii) does not require any merits

_____

[1] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (i.e., December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly Appellant's claim could have been first presented in November 2017, and, therefore, the original 60-day limit applies to Appellant's claim.

analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).

This Court has interpreted Section 9545(b)(1)(ii) as mandating that "there be some relationship between" the newly-discovered facts and the claims asserted by the petitioner. ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018). Appellant argues that the law does not require a nexus between the newly discovered fact and the conviction for purposes of timeliness exceptions. Appellant's Br. at 13.[2] Here, Appellant's newly-

_____

[2] Appellant cites ***Commonwealth v. Blakeney***, 193 A.3d 350 (Pa. 2018), for this proposition. In that case, the "new fact" asserted was that a justice who participated in the petitioner's direct appeal and PCRA appeal received and sent emails that showed judicial bias including inappropriate references to race, gender, religion, ethnicity, and class. ***Id.*** at 357. Petitioner discovered these allegations through newspaper publications years after his judgment of sentence became final and filed a PCRA petition asserting that because he made his black race and Muslim religion a relevant part of his case, he was prejudiced by the justice's involvement. ***Id.*** Our Supreme Court dealt with the argument that the timeliness of the petitioner's claim depended not just on whether the petitioner knew of the alleged judicial bias prior to the publications, but on whether the newspaper articles reporting on the emails' contents were accurate and uncontradicted. ***Id.*** at 363. The Court said, "a petitioner is required only to allege and prove that one of the timeliness exceptions applies. Substantiating the veracity of the fact upon which the claim is predicated is a question for merits review of the claim. ***See*** 42 Pa.C.S. § 9543(a)." ***Id.*** at 364. Thus, since the newly-discovered fact alleged by petitioner, if true, would have met the timeliness exception for a newly-discovered fact, the Court found that jurisdiction was properly invoked and that the PCRA court should not have considered or analyzed the veracity of the fact once it determined that the fact was unknown to petitioner and could not have been learned earlier through due diligence. Here, we do not engage in analyzing the veracity of Appellant's fact.

- 5 -

discovered fact is "the November 9, 2017 Daily News newspaper article documenting Detective Pitt's unlawful tactics leading to the reversal of numerous murder convictions." Appellant's Br. at 12. Without needing to substantiate the veracity or engage in any merits analysis of the fact, it is clear that Appellant fails to demonstrate how the fact alleged pertain to his case. Newly-discovered facts must relate to a petitioner's case to be material. *See Shannon, supra*. Although the question of whether the newly-discovered fact bears a sufficient nexus to a petitioner's conviction is an assessment of the merits distinct from a timeliness analysis, ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008), Appellant cannot merely assert any fact at all that the Appellant did not know before and could not have known in order to invoke jurisdiction. ***Commonwealth v. Robinson***, 185 A.3d 1055, 1061 (Pa. Super. 2018). While courts are instructed to avoid analyzing the merits of the underlying claim,

> we believe that principle cannot go so far as to altogether preclude the courts from considering the claim the petitioner seeks to raise in determining whether an evidentiary hearing is warranted. As an extreme example, suppose an incarcerated PCRA petitioner asserted in an untimely petition that he recently discovered that the Houston Astros won the 2017 World Series. It would defy reason to suggest that a PCRA court must hold an evidentiary hearing to carefully apply the newly-discovered fact inquiry before considering how that fact could possibly matter. ***Cox*** stated that "The function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper." ***Id.*** at 229 n.11. A gatekeeping function contemplates that there may be a reason to open the gate.

***Id.*** at 1061-62.

Instantly, it is difficult to perceive any connection between Appellant's case and Detective Pitts' perjury in unrelated cases after Appellant's voluntary guilty plea. Appellant does not claim that Detective Pitts interviewed the witness in his case or testified in his case. He makes no connection at all between the facts of the Philadelphia Daily News publication and any claim raised in his case. He suggests that he did not know and could not reasonably know that the breadth and scope of the detective's tactics would be made public. Appellant's Br. at 14. However, the breadth and scope of the detective's tactics, nor the public exposure of them, have any relevance unless those tactics were employed in this case. Appellant made no such claim, except to say that while Appellant was "certainly aware of the coercive nature of that encounter at the time of the interview, he did not know and could not reasonably have known that Detective Pitts' tactics would be exposed in a judicial opinion and newspaper article[.]" Appellant's Br. at 14.

On this matter, the PCRA court stated,

The only interview in which Detective Pitts was involved was the interview of Petitioner. Unlike the other cases, it did not involve witness coercion of which Petitioner would not have been unaware at trial. If there had been any coercion, it would have been Detective Pitts coercing Petitioner, and therefore would have been known at the time of his guilty plea. Instead, he plead [sic] guilty of his own free will due to the overwhelming evidence against him. Arguably, this fails to be a new fact since any coercion would have been known at the time of trial, despite not knowing about Detective Pitts' history.

Tr. Ct. Op. at 4 (unpaginated).

We agree. Although it could be true that Appellant did not know that Detective Pitts' misconduct in unrelated cases would become a public matter, and he could not have learned of the public exposure any sooner with due diligence, those are not the facts upon which Appellant's claim is predicated. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(ii). If the crux of his claim is that the nature of his interview with Detective Pitts was coercive, that claim is based on facts that Appellant would have already known at the time of his guilty plea, namely, that he participated in the interview. Appellant fails to acknowledge that he pleaded guilty, and a colloquy was performed at the guilty plea. Appellant participated in the interview with Detective Pitts, he was aware of the detective's tactics at that time, and he did not raise the issue with his counsel to challenge the validity of his confession earlier in the proceedings. Thus, Appellant failed to raise a newly-discovered fact.

Appellant also invokes the governmental interference exception. Appellant's Br. at 20. An appellant satisfies governmental interference exception when "the failure to raise the claim previously was the result of interference by government officials." 42 Pa.C.S. § 9545(b)(1)(i). Appellant submits,

> Detective Pitts, a City of Philadelphia employee, lied under oath in numerous court proceedings when he falsely testified that he obtained statements from witnesses and defendants without employing coercive tactics. Thus, Detective Pitts' perjury made it impossible for individuals like appellant to successfully challenge the voluntariness of a statement he took in any given case.

Appellant's Br. at 20. However, the test is not if Appellant could have *successfully challenged* his statement but for governmental interference, the test is if he was precluded from *raising a challenge* but for the governmental interference. The governmental interference Appellant alleges is that he didn't learn of Detective Pitts' misconduct because it was covered up. **_Id_**. But if Appellant's confession was coerced, he would have learned of the detective's tactics during his own interview, and could have raised that claim prior to pleading guilty. If Appellant had raised this claim and then Detective Pitts' perjured himself in Appellant's case, Appellant would have been able to satisfy this timeliness exception. This claim fails for the same reason as his first claim. Appellant cannot relate the public exposure of the fact that Detective Pitts lied under oath about coercing witnesses in other cases to *his* case because that detective did not interview witnesses or testify in his case, and any coercive tactics that may have been employed during Appellant's interview would have been previously known to him. Thus, Appellant fails to meet the governmental-interference exception.

The decision to hold an evidentiary hearing is within the discretion of the PCRA court and will not be reversed absent an abuse of that discretion. **_See Commonwealth v. Mason_**, 130 A.3d 601, 617 (Pa. 2015). It is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he

raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant's claims have no arguable merit. Further, Appellant has failed to present any genuine issue of material fact that would entitle him to a hearing. *See id.* at 328. Therefore, no relief is due.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/16/2024

- 10 -