J-S16034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT MAYFIELD | : | |
| | : | |
| Appellant | : | No. 1901 EDA 2023 |

Appeal from the PCRA Order Entered June 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1000011-1997

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 3, 2024**

Appellant, Vincent Mayfield, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County on June 21, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history are as follows: In 1994, Appellant was charged with aggravated assault, arson, possessing an instrument of crime, and other related offenses after he lit and threw a Molotov cocktail through the front window of his girlfriend's apartment where her younger brother was asleep. In 1996, Appellant was charged with murder, arson, and other related offenses after he set a fire inside an apartment at which he was staying. The fire spread to another home, killing the eighty-one-

_____

[*] Former Justice specially assigned to the Superior Court.

year-old occupant. Appellant entered a negotiated plea in both cases on January 6, 1999, and was sentenced to life imprisonment on the murder, and concurrent shorter-term sentences on the other offenses. No direct appeals were filed.

Appellant filed his first PCRA petition on December 13, 1999. On February 21, 2001, the PCRA court dismissed Appellant's petition. Appellant filed a *pro se* appeal, which was dismissed on November 2, 2001, because Appellant failed to file a brief. Appellant filed a second *pro se* PCRA petition on August 13, 2002. It was dismissed on February 19, 2003, because it was untimely. On October 29, 2003, Appellant filed a subsequent PCRA petition. His counsel at the time recognized the petition was untimely and filed a **Finley**[1] no-merit letter on October 6, 2004. The PCRA court issued a Notice of Intent to Dismiss on December 13, 2004. At some point, Appellant's file was "missing," and the Commonwealth recreated the file which failed to include Appellant's prior PCRA petitions and their dispositions. Appellant's counsel, believing the 1999 petition had never been disposed of since it was not included in the recreated file, withdrew his **Finley** letter and filed an amended petition on August 5, 2005. The PCRA court formally dismissed that petition as untimely on October 21, 2005. On April 17, 2008, Appellant filed a subsequent PCRA petition. It was denied as a serial and untimely PCRA petition on December 7, 2012.

_____

[1] **Commonwealth v. Finley**, 550 A.2d 213 (1988).

On September 28, 2020, Appellant filed a subsequent PCRA petition. An amended petition was filed May 25, 2022, which is the subject of the instant appeal. On June 21, 2023, the PCRA court dismissed the petition because it was untimely and failed to plead an exception to the time-bar. This appeal followed.

Appellant raises seven issues for our review, verbatim:

1. Whether the appellant suffered a Constitutional Violation of this Commonwealth or the Constitution or Laws of the United States which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

2. Whether ineffective assistance of counsel which, in the circumstances
of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

3. Whether the lower court erred when he gave the appellant a deficient guilty plea colloquy.

4. Whether there was a manifest injustice that took place in this case.

5. Whether there was a constitutional violations of the appellant 6th, 14th amendment rights to effective assistance of plea counsel, at the plea stage.

6. Whether the appellant suffered ineffectiveness of plea counsel who induce the appellant to plead guilty to a deficient colloquy.

7. Whether the appellant suffered a miscarriage of justice when the Commonwealth lost the appellant PCRA petition, an a right to a constitutional appeal.

Appellant's Br. at 4.

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. *Commonwealth v. Patterson*, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. *Commonwealth v. McClucas*, 548 A.2d 573 (Pa. Super. 1988).

Before addressing any of Appellant's issues on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Appellant's judgment of sentence became final, for purposes of the PCRA, on February 5, 1999. Tr. Ct. Op. at 1 (unpaginated); *See* 42 Pa.C.S.A. § 9545(b)(1)-(3). Consequently, Appellant's instant PCRA petition, filed on September 28, 2020, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[2] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). If a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the

_____

[2] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (i.e., December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly Appellant's claim could have been first presented in 2006, and, therefore, the original 60-day limit applies to Appellant's claim. *See* Commonwealth's Letter Br., 6/16/06, at 3 n.1 (acknowledging an incomplete record); *see also* Motion for Post-Conviction Collateral Relief, 4/17/08, at 3 (Appellant acknowledging that the "District Attorney lost that part of the Record").

- 5 -

petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted). Finally, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

In Appellant's brief, he attempts to invoke only the government interference exception pursuant to 42 Pa.C.S.A. §§ 9545(b)(1)(i). Appellant's Br. at 6, 12-14. Appellant devotes his entire argument section to the substantive issues such as a deficient guilty plea colloquy, **Id.** at 8-10, and his counsel's failure to withdraw his plea post-sentence. **Id.** at 10-12. Appellant must establish jurisdiction for us to hear such claims. **Derrickson, supra**. Appellant argues, for the first time on appeal, that the reason these claims satisfy the government interference exception is that the Commonwealth "lost" his 1999 PCRA petition, thereby preventing his claims from being presented sooner. Appellant's Br. at 12-13.

Upon we review, we agree with the PCRA court that Appellant failed to plead and prove the government interference exception. Appellant's amended PCRA petition, filed May 25, 2022, makes no mention of the PCRA timeliness requirements, and does not plead or prove any of the exceptions to the time-

bar. Thus, the PCRA court correctly concluded that his petition was untimely filed and that Appellant failed to establish a time-bar exception.

Appellant's assertion that he was prevented from raising these claims sooner because of government interference was raised for the first time on appeal. Exceptions must be pled in the petition and not raised for the first time on appeal. ***Burton, supra***. Our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), allows a petitioner to raise an ineffectiveness claim at the earliest opportunity to do so, even if on appeal, but only when the ineffectiveness claim relates to prior PCRA counsel. Here, Appellant's claim which was raised for the first time on appeal is not a claim of PCRA counsel's ineffectiveness.

Accordingly, we agree with the PCRA court's determination that Appellant's petition is facially untimely, and he has failed to prove any applicable Section 9545(b)(1) exception. We are therefore without jurisdiction and cannot reach the merits of Appellant's substantive claims.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2024

- 7 -