690 A.2d 250

COMMONWEALTH of Pennsylvania

v.

Kenrick D. PATTERSON, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 12, 1996.

Filed Jan. 27, 1997.

Steven N. Goudsouzian, Bethlehem, for appellant.

John M. Morganelli, District Attorney, Easton, for Commonwealth.

Before BECK, TAMILIA and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Following his high school graduation in 1992, Kenrick Patterson appeared well on his way down the path to a rewarding

and fulfilling future. After overcoming a childhood that was marred by abuse and abandonment, Patterson moved into a group home and enthusiastically applied himself to the sports program at his local high school. His perseverance culminated in a full academic/athletic college scholarship to East Stroudsburg University.

College life away from his support network proved too difficult, however, and Patterson left school after the fall semester. Nonetheless, he enrolled in community college courses with the ongoing hope of obtaining a degree. Sometime thereafter, a series of ill-considered decisions, along with a budding cocaine addiction, led to Patterson leaving his home for a prison cell rather than a dormitory.

In July of 1993, Patterson and his partner in crime, David Heater, were charged in three separate criminal informations stemming from a series of armed robberies committed throughout Northampton County. On April 12, 1994, Patterson entered a negotiated guilty plea in which a substantial number of charges were withdrawn and the Commonwealth agreed not to seek the five-year offensive weapon enhancement for the robbery charges.[1] Additionally, the agreement specified that Patterson's maximum aggregate sentence could not exceed ten to twenty years' imprisonment. Pending the preparation of a pre-sentence report, sentencing was deferred.

On June 3, 1994, appellant appeared for sentencing before the Honorable Jack Anthony Panella. Following extensive presentations by both parties, the court sentenced Patterson to two concurrent seven- to fourteen-year terms of incarceration and one concurrent three- to six-year term of incarceration.

A timely direct appeal was taken to this Court, wherein Patterson alleged that Judge Panella impermissibly sentenced

1. The three-count indictment originally charged appellant with multiple counts of robbery, theft, receiving stolen property, crimes committed with firearms, terroristic threats, conspiracy, recklessly endangering another person, aggravated assault, simple assault, possession of an instrument of crime, and criminal attempt. The negotiated plea reduced the number of charges from approximately twenty-four to four.

him outside the aggravated range of the guidelines without citing specific reasons for the departure.

Acknowledging that the robbery terms were outside of the aggravated range, this Court further found that the sentencing court complied with all applicable requirements. Additionally, the concurrent nature of the sentences resulted in an aggregate that was well below the possible consecutive aggregate had a negotiated plea not existed, and also below the ten- to twenty-year cap provided in the plea. Consequently, we affirmed the judgment of sentence. A petition for allowance of appeal was filed and later denied.

In October of 1995, appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* Steven N. Goudsouzian, Esquire, was appointed to amend appellant's uncounseled petition. A hearing was subsequently held in February of 1996 to determine, *inter alia,* whether appellant's guilty plea had been unlawfully induced and whether the assistant district attorney (ADA) engaged in prosecutorial misconduct. On July 5, 1996, the court denied appellant's petition. This appeal follows.

When examining a post-conviction court's denial of relief, this Court's scope of review is limited to a determination of whether the court's findings are supported by the record and are otherwise free of legal error. *See, e.g., Commonwealth v. Kimball,* 453 Pa.Super. 193, 200, 683 A.2d 666, 670 (1996); *Commonwealth v. Legg,* 447 Pa.Super. 362, 364–66, 669 A.2d 389, 391 (1995). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.*

Appellant's first claim, that his plea was unlawfully induced, presents a challenge to his prior counsel's stewardship. In order to prevail, appellant must demonstrate that the underlying claim is of arguable merit, that counsel's actions had no reasonable basis designed to effectuate his interests, and that counsel's actions prejudiced appellant. *See, e.g., Commonwealth v. Howard,* 538 Pa. 86, 92–94, 645 A.2d 1300,

1304 (1994); *Commonwealth v. Correa,* 444 Pa.Super. 621, 624–26, 664 A.2d 607, 609 (1995).

■ Applying this test to the present claim, we find that appellant has failed to meet even the threshold requirement of presenting a claim of arguable merit. The crux of appellant's argument is that his plea attorney promised him that his sentence would be no more than four to eight years' incarceration. This alleged promise purportedly induced appellant to plead guilty against his will, thus rendering the plea involuntary.

Our thorough review of the record, however, conclusively indicates that appellant made a knowing, intelligent, and voluntary plea. In addition to the plethora of questions posed to appellant at both his plea and sentencing hearings to ensure the soundness of appellant's decision, the PCRA hearing transcript belies the present assertion.[2]

Specifically, appellant's own testimony reveals that, although his attorney relayed to him that Judge Panella had imposed a four- to eight-year sentence in a similar case, the judge was free to fashion the sentence as he saw fit.

ADA: So, she told you on more than one occasion that you were guaranteed four to eight years?

Appellant: She said—she told me the conversation, she said most likely. She said I have no prior record and that's where I got the impression that I would get the four to eight. If that was never mentioned to me, if she had never

---

2. *See, e.g.,* N.T. 4–12–94 at 29:

Counsel: We talked about what the maximum offenses—what the maximum sentence could be on these charges and the Judge has gone through that with you and the maximum on all of these charges that you're pleading guilty to today is 10 to 20 years, do you understand that?
Appellant: Um-hum.

\* \* \*

Counsel: Okay. And other than those promises that we just went through on the record, there have been no other promises to you, and in fact, I have advised you that I can't tell you what the sentence is going to be, I don't know.
Appellant: Yes.

said that to me, I would never came up with that figure. (sic).

ADA: Okay. So she said to you most likely, not a definite, this is what you're going to get?

Appellant: She said the Judge has the power to go outside the guidelines.

ADA: So she advised you that even though she's saying, according to your testimony, four to eight, but Judge Panella has the power to go beyond that, right?

Appellant: Right.

ADA: She made that clear to you?

Appellant: Right.

N.T. 2–21–96 at 20.

Based upon the foregoing, we hold that appellant has failed to present an issue of arguable merit and is thus not entitled to relief. Although it appears that appellant entered his plea with the fervent hope that Judge Panella would sentence him to a more lenient term, we find that he nonetheless proceeded fully aware and informed of the risk he was taking. Dashed desires do not equate to unlawful conduct and do not merit appellate relief.

■ Appellant's second and final issue presents the question of whether ADA Refowich engaged in prosecutorial misconduct such that appellant was coerced into pleading guilty. Specifically, appellant claims that the ADA told him "if you don't plead guilty . . . I'll send you away for a long time." *Id.* at 9. This alleged statement purportedly frightened appellant into pleading guilty when he otherwise would not have.

This issue was addressed at the PCRA hearing, at which ADA Refowich testified. When asked whether appellant's averment was true, ADA Refowich testified:

What I told (appellant's plea counsel) was that if her client did not plead guilty, he was looking at a mandatory of a five-year minimum of each robbery and there are four robberies, that's 20 years, and I would be asking for more than that. That is what I told (plea counsel). I did not say

to the Defendant I'll send you away a long time. I told him that he was looking at 20 years minimum. I told that to his counsel.

N.T. 2–21–96 at 42.

Initially, we note that this statement presents a true statement of the possible amount of time that appellant could have been incarcerated had he proceeded to trial and been found guilty. Indeed, appellant's sentence could have reached as much as forty to eighty years' incarceration. The statement to which the ADA referred occurred in the content of a plea negotiation. It is axiomatic that in order to bargain effectively, one must first be aware of the context of one's environment. To borrow a phrase, once the cards are on the table, the bartering may begin. We therefore hold that this statement, made to appellant's counsel during plea negotiations, was proper and permissible.

■ Furthermore, in denying appellant's petition, the post-conviction court obviously concluded that this testimony was credible. It is not our province to substitute our judgment for that of the lower court, absent a finding that there is no support in the record for the lower court's conclusion. This we cannot do.

■ As an addendum to this argument, appellant alleges further misconduct on the part of ADA Refowich for his failure to address the court concerning appellant's cooperation and willingness to spare the Commonwealth from proceeding to trial. Appellant's amorphous argument seems to suggest that the prosecutor's statement to the court indicating appellant's lack of cooperation somehow worked to his disadvantage at his sentencing.[3]

To the extent that our reading of this issue is correct, we decline to address this claim. It is well settled that, because the truth-determining process is in no way impinged during

3. We note, however, that the ADA did, pursuant to the plea agreement, make the court aware that appellant did not physically injure any of the victims and that the assault charges against him stemmed from conspiracy liability theory. See N.T. 4–12–94 at 15.

sentencing, such claims are not cognizable in a collateral attack. *See, e.g., Commonwealth v. Lewis,* 430 Pa.Super. 336, 341–43, 634 A.2d 633, 636 (1993); *Commonwealth v. Wolfe,* 398 Pa.Super. 94, 99–100, 580 A.2d 857, 860 (1990).

Order affirmed.