J-S78023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL JASON STEVICK | |
| Appellant | No. 231 WDA 2016 |

Appeal from the PCRA Order February 4, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004776-2012

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                **FILED FEBRUARY 13, 2017**

Michael Jason Stevick appeals from the order entered on February 4, 2016, in the Court of Common Pleas of Allegheny County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Stevick raises three issues. Specifically, the PCRA Court erred in determining 1) trial counsel's failure to obtain expert review of the accident did not unlawfully induce Stevick to plead guilty; 2) trial counsel did not provide false promises and bad advice which rendered the guilty plea unknowing, unintelligent and involuntary; and 3) trial counsel did not refuse to file a motion to withdraw guilty plea prior to

_____

[*] Former Justice specially assigned to the Superior Court.

sentencing. After a thorough review of the submissions by the parties, certified record and relevant law, we affirm.

The procedural history of the underlying matter, as related by the PCRA court is:

> On February 25, 2014, [Stevick] entered a guilty plea to one count of aggravated assault by vehicle while DUI, one amended count of DUI (0.10% - 0.16% third offense), two counts of DUI, one count of recklessly endangering another person, and summary counts of reckless driving and driving at safe speed.
>
> . . .
>
> Thus, [Stevick] was sentenced to an aggregate sentence of eleven and one[-]half to twenty[-]three months['] incarceration followed by five years['] probation. On December 30, 2014, [Stevick] filed a motion for house arrest, which was heard on April 6. 2015, and denied. [Stevick] reported to begin his sentence on May 21, 2015.
>
> On June 30, 2015, [Stevick] filed a [counseled] PCRA petition. The Commonwealth filed its Answer to [Stevick's] PCRA petition on July 14, 2015. The Trial Court held an evidentiary hearing on October 26, 2015. On November 13, 2015, [Stevick] filed a Brief in Support of PCRA Petition. On November 18, 2015, the Commonwealth filed its Answer to [Stevick's] Brief, and on December 11, 2015, [Stevick] filed a Reply to the Commonwealth's Answer.
>
> On January 7, 2016, the Trial Court filed its Notice of Intent to Dismiss [Stevick's] PCRA Petition. On January 27, 2016, [Stevick] filed a Reply to the Trial Court's Notice, and also filed a motion for parole or house arrest. The Trial Court denied [Stevick's] motion for parole that same day. On February 4, 2016, the Trial Court dismissed [Stevick's] PCRA Petition.

Pa.R.A.P. 1925(a) Opinion, at 1-4.

We glean the facts supporting the charges from the Pa.R.A.P. 1925(a)

opinion of the PCRA court:

> If this case were to go to trial, the Commonwealth would call Trooper Maltoni of the Pennsylvania State Police, among other officers who would testify on March 26, 2011 he responded to a two vehicle accident on I-376 in Churchill in which [Stevick's] vehicle struck another vehicle causing it to up [end] and skip on its roof. The victim, Bennie Brown, suffered numerous injuries, including broken ribs and vertebrae, numerous internal damage. He was hospitalized approximately 16 weeks requiring numerous surgical interventions. [Stevick] appeared to be intoxicated at the scene. He was given an intoxilyzer test which was over .15. However, because the particular intoxilyzer was not calibrated over a .15, the Commonwealth would not be able to give an accurate BAC to a reasonable degree of scientific certainty. Additionally, [Stevick] does have two prior ARD adjudications, one from March of 2002, and one from September of 2002.

PCRA Court Opinion, 6/23/2016, at 5-6.

Our standard of review for the denial of a PCRA petition is well-settled.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(i).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Kohler*, 614 Pa. 159, 36 A.3d 121, 132 (2012) (*citing* ***Strickland v. Washington***, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 18, 45 A.3d 1096, 1106 (2012) (*quoting* **Commonwealth v. Pierce**, 567 Pa. 186, 203, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 600 Pa. 329, 345-46, 966 A.2d 523, 532-33 (2009) (*quoting* **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

**Commonwealth v. Faurelus**, 147 A.3d 905, 911 (Pa. Super. 2016).

Stevick's initial claim is that plea counsel was ineffective for failing to hire an expert to contradict the Commonwealth's version of the events leading to the accident in question. Both plea counsel and Stevick's proposed expert, Ronald Baade, testified at the PCRA hearing. After considering the relevant testimony, the PCRA court concluded:

> [Stevick] established that expert Ronald Baade was an expert witness who existed, was available, and would have been able to testify on behalf of the defense. However, given Attorney Thomassey's [trial counsel] credible testimony that [Stevick] adamantly claimed to have not been driving when the incident occurred, an expert witness would not have helped [Stevick's] case. Further, the report that Baade authored for [Stevick's] PCRA [petition] does not demonstrate that [Stevick] was prejudiced by counsel's failure to secure this witness prior to [Stevick's] guilty plea. Further, Attorney Thomassey testified that he spoke with [Stevick] about hiring an expert witness, and they agreed not to hire an expert. [Stevick's] ineffective assistance of counsel claim fails because [Stevick] was not

- 4 -

> prejudiced by counsel's reasonable strategy given the defense [Stevick] and counsel were pursuing, namely, that [Stevick] was not driving at the time of the incident, and that [Stevick] agreed that an expert was unnecessary. [Stevick] is not entitled to relief on this claim.

Notice of Intent to Dismiss, January 7, 2016, pp. 3-4.

PCRA Court Opinion, 6/23/2016 at 7.

Our review finds the certified record supports the PCRA court's conclusions. Attorney Thomassey admitted that he knew the police investigation of the accident was less than thorough, but that the expert report merely echoed that conclusion without providing any actually exculpatory evidence. Regarding the expert report, Attorney Thomassey testified as follows:

> A: Because I read your expert's report. It said nothing. All it says is that the DA or the police didn't do a good investigation. And that's a given, that's a given. The problem with hiring an expert, even if the investigation had been different, is that once you get the report back, maybe you don't like it, but then you've got to turn it over to the DA. I would have done – and on this set of facts, I would have never hired an expert. It made no sense to me, none, and he agreed with that.
>
> Q: He agreed not to hire an expert?
>
> A: I talked to him about spending money for an expert. I told him this expert report is not going to help us.

N.T. PCRA Hearing, 10/26/2015, at 18-19.

Additionally, he testified:

> Q: Okay. And it [the expert report] indicates that there was an inadequate investigation of the crash scene; correct?
>
> A: That's basically what it says.

Q: Okay. And that it also says that as to matters that are relevant to a crash investigation, such as speed, such as event data recorders, if any, that evidence was not produced by the Commonwealth's investigation; correct?

A: Correct.

Q: And would you agree that such opinion testimony could have created reasonable doubt for the fact finder as to the cause of the accident?

A: In this case, no.

Q: Why not?

A: To restate what I said a few minutes ago, his blood alcohol level was 2½ times the legal limit. He hit this car in the rear with his car causing the car to flip over onto its roof. Then he stays at the accident scene, tells the police I wasn't driving the car, the dog sniffs the car, sniffs him, says he is driving the car. The causation in that case is real simple in my legal opinion. He was drunk, he hit the car, that caused the accident which caused the injuries to this elderly man. That was just my opinion.

Now, sometimes I'm wrong. But I gave him the best advice I could. I said, Take the plea or you're going to state prison for a year.

*Id*. at 19-21.

On cross-examination, Attorney Thomassey testified:

Q: These factors that weigh against you, all the discovery you have, the pictures [of the accident scene[1]] and your experience, are these things that weigh against the type of defense that Mr. Stevick wanted to pursue?

A: Absolutely. I mean, you have to be practical about cases. I mean, you show that photograph [the victim's car on its roof] to

_____

[1] None of the photographs of the accident scene are found in the certified record.

- 6 -

> a jury, and they'll be told that Mr. Stevick's vehicle hit that vehicle, and you want to say it didn't cause the accident?  I mean –

*Id*. at 31.

The PCRA court accepted Attorney Thomassey's practical, experience based testimony regarding the efficacy of the expert's report, and that testimony, coupled with the facts that Stevick denied driving the vehicle until shortly before the guilty plea and that Stevick agreed that it would be wasteful to hire an expert, led to the determination Stevick suffered no prejudice from the lack of such a report prior to the guilty plea.  We discern no error therein.

Stevick's next claim is that his guilty plea was induced by plea counsel's ineffective assistance, specifically, by providing bad advice and false promises.  This claim has a number of elements, including the prior claim that trial counsel was ineffective for failing to hire an expert, thereby leaving counsel unprepared to go to trial.  Additionally, Stevick argues:

> On the day of trial, [Stevick] learned for the first time that the accident [had caused] serious injuries.  Mr. Thomassey told [Stevick] in no uncertain terms: "[t]ake the plea or you're going to state prison for a year."  Indeed, [Stevick] was faced with a Hobson's choice[2] either (1) plead guilty, remain free on bond, and eventually receive a 90-day sentence; or, [(2)] go to trial with unprepared counsel and no expert, get convicted as Mr. Thomassey assured, and go to jail immediately.

---

2  A Hobson's choice is, "An apparently free choice where there is no real alternative; often used to refer to a situation presenting a choice among unpleasant alternatives."  Webber, Elizabeth, Feinsilber, Mike, *Merriam-Webster's Dictionary of Allusions*, Merriam-Webster, 1999.

Understandably, [Stevick] was "scared" and believed he had no other option, so he went along with Mr. Thomassey and entered an unknowing, unintelligent and involuntary guilty plea.

Appellant's Brief at 11.

The trial court's reasoning dispels Stevick's contention.

This claim fails because [Stevick] has failed to establish that his plea was unlawfully induced by the ineffective assistance of counsel. At [Stevick's] evidentiary hearing, Attorney Thomassey testified that he wrote 21 letters to [Stevick] and met with him approximately seven times before [Stevick's] plea. The Trial Court finds the testimony of Attorney Thomassey credible, and finds that Attorney Thomassey did not threaten or unlawfully induce [Stevick] to plead guilty. Additionally, [Stevick] has failed to establish that his guilty plea was the result of manifest injustice. Rather, the record demonstrates that [Stevick] completed a written and oral colloquy, wherein he stated that he had not been threatened or promised anything to force him to plead guilty, and that he was pleading guilty because he was, in fact guilty. The record fully supports the entry of a knowing, intelligent, and voluntary guilty plea.

Notice of Intent to Dismiss, January 7, 2016, p. 4.

PCRA Court Opinion at 8-9.

Our review of the certified record, including the notes of testimony for the guilty plea, sentencing and PCRA evidentiary hearing, as well as the written guilty plea form, confirms the PCRA court's determination. From the guilty plea in open court through sentencing, Stevick never expressed **any** concerns regarding his representation by counsel. Nor did he ever dispute

being the factual cause of the accident or injuries to the victim.[3] Although Attorney Thomassey did testify at the PCRA hearing that he anticipated the imposition of a 90-day sentence,[4] the record clearly demonstrates that no promises were made to Stevick regarding his sentence. As the certified record supports the PCRA court's determination, **see Commonwealth v. Patterson**, 690 A.2d 250 (Pa. Super. 1997) (plea not unlawfully induced where record clearly demonstrates defendant understood sentence was to be determined by the judge, there was no promise of specific sentence and defendant took part in a thorough written and oral guilty plea colloquy), Stevick is not entitled to relief on this claim.

In his final argument, Stevick claims plea counsel was ineffective for failing to file a motion to withdraw his guilty plea after being requested to do so. The PCRA court made a credibility determination that defeats that claim.

> At [Stevick's] evidentiary hearing, Attorney Thomassey testified that he advised [Stevick] against withdrawing his plea. [Stevick] decided not to withdraw the plea prior to sentencing based on counsel's advice, and did not ask Attorney Thomassey to withdraw his plea after he was

---

[3] The guilty plea colloquy form demonstrates Stevick had no concerns or questions regarding the evidence supporting the charges against him. **See** Guilty Plea Colloquy Form.

[4] **See** N.T. PCRA Hearing, 10/26/2015, at 24-25. It is undisputed that Attorney Thomassey's belief that Stevick would receive a 90-day sentence was ultimately incorrect. However, this was clearly not a promise and Stevick has presented no evidence nor compelling argument that Attorney Thomassey's belief was legally unreasonable.

> sentenced. The Trial Court finds the testimony of Attorney Thomassey credible, and finds that he did not refuse to file a motion to withdraw [Stevick's] plea, but rather provided legal advice advising against withdrawing the plea, and [Stevick] decided not to withdraw his plea.
>
> Notice of Intent to Dismiss, January 7, 2016, [p. 4].

PCRA Court Opinion, at 10.

The notes of testimony from the PCRA evidentiary hearing, held on October 26, 2015, provide ample support for the PCRA court's determination. We will not quote all the instances of Attorney Thomassey's testimony regarding this point, however, we highlight these portions of his testimony:

> Q: Okay. And you told him, am I correct, that he would have to hire another attorney in order to withdraw his guilty plea?
>
> A: No, I didn't tell him that. I told him if he wanted to withdraw his guilty plea, he could. I told him that would be a mistake. I wrote him a letter April 24[th], 2014[5] and I said this to him: "Dear Michael, thank you for calling me the other day. If you are going to retain new counsel to withdraw your guilty plea, you should do it sooner rather than later. The judge will grant the motion to withdraw your plea; however, you should keep in mind that we had the case reduced to a .15 blood alcohol level which took your mandatory minimum from a year down to 90 days. I don't know if the district attorney will do that again.

N.T. PCRA Hearing, 10/26/2015, at 23-24.

> A: No, he didn't ask me to withdraw the plea. He told me he had gone to talk with Chuck Porter and I think he mentioned somebody else. And I told him that's fine. But I also – I told him a hundred times it was a mistake.

---

[5] Stevick was sentenced on July 16, 2014.

Q: Well, whether it was a mistake or not, he had the right to withdraw his plea[.]

A: Well, sure.

Q: [C]orrect?

A: I told him if he wants to do it before sentencing, do it now because the judge will grant it, meaning before sentencing, I'm sorry.

Q: Okay. He asked you to withdraw his plea; correct?

A: No, he didn't. He said – I told him, if you want to withdraw the plea, let me know. Now when we came to sentencing, he could have withdrawn it, but he decided not to.

Q: Did you have a conversation with him –

A: Yes.

Q: - at the time of sentencing?

A: Yes, I said, Do you want to go through with this sentencing? You're probably going to get 90 days in a half-way house and you can work and keep your job, or you can withdraw your plea and we go back to square one.

*Id*. at 25-26.

Because the PCRA court's finding that Attorney Thomassey did not refuse to file a motion to withdraw Stevick's guilty plea is supported by the record, we must affirm that finding. *See Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (reviewing court is bound by PCRA court credibility determinations where there is record support for them). Accordingly, Stevick is not entitled to relief on this claim.

The PCRA court determined Stevick's guilty plea was not the product of the ineffective assistance of counsel and that plea counsel did not refuse

- 11 -

to file a motion to withdraw Stevick's guilty plea. These determinations are supported by the certified record and are free of legal error. In light of the foregoing, we are compelled to affirm the order denying Stevick relief pursuant to his PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017