J-S27044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ARTHUR HELEVA | : | |
| | : | |
| Appellant | : | No. 2548 EDA 2023 |

Appeal from the PCRA Order Entered September 8, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000249-2002

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 20, 2024**

Appellant, Daniel Arthur Heleva, appeals *pro se* from the order entered in the Court of Common Pleas of Monroe County on September 8, 2023, dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history are as follows:

> Mr. Heleva was convicted on November 19, 2004, of one count of first-degree murder as an accomplice; one count of conspiracy to commit aggravated assault; one count of unlawful restraint; four counts of endangering the welfare of children; and one count of tampering with evidence.[1] The jury determined Mr. Heleva's sentence to be life imprisonment without parole on November 23, 2004. That sentence was imposed by the court on March 4, 2005.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 2501(a), 306(a), 2702(a)(1), 903, 2902(a)(1), 4910(1), and 4304(a).

Mr. Heleva exhausted his direct appeals when his judgment of sentence became final on January 2, 2012, 90 days after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal, and the time for filing a Petition for Writ of Certiorari with the United States Supreme Court expired. He had until January 2, 2013, to file a timely PCRA petition. His second PCRA petition was exhausted when the trial court's dismissal of the petition was affirmed by the Superior Court on January 22, 2016.[2] His third PCRA petition was filed on November 30, 2018, and was dismissed by [the trial] court on January 10, 2019 as untimely filed.

Mr. Heleva filed a fourth PCRA petition on September 13, 2021. On December 2, 2021, the court issued a Notice of Proposed Dismissal of the petition due to lack of jurisdiction following an untimely filing. The petition was dismissed by the court on January 10, 2022. Mr. Heleva appealed that decision and it was affirmed by the Superior Court on September 9, 2022.[3] The Pennsylvania Supreme Court denied allocatur on May 2, 2023.

Tr. Ct. Op. at 1-2.

Appellant then filed the instant petition, his fifth petition under the PCRA on July 5, 2023. The trial court denied the petition on September 8, 2023. On September 20, 2023, Appellant filed a timely Notice of Appeal to this Court. The trial court directed Appellant to file a concise statement of matters complained of on appeal by order of September 21, 2023. Appellant complied by filing a 1925(b) statement on October 5, 2023. The trial court filed its opinion pursuant to 1925(a) on October 19, 2023. This appeal follows.

---

[2] ***Commonwealth v. Heleva***, 136 A.3d 1036 (Pa. Super. 2016).
[3] ***Commonwealth v. Heleva***, 285 A.3d 921 (Pa. Super. 2022).

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court has stated:

[A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**, Pa.R.A.P. 2101.

**Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa. Super. 2014).

Here, Appellant's brief violates the Rules of Appellate Procedure by failing to include a statement of the questions involved, a statement of the case, and a summary of the argument. **See** Pa.R.A.P. 2111(a), 2116-2118. The argument section of Appellant's brief, simply titled "APPELLATE BRIEF," lacks adequate citation to the record or synopsis of the evidence. **See** Pa.R.A.P. 2119(a), (c), and (d). Moreover, his brief is comprised of incoherent and underdeveloped arguments. Nevertheless, we construed Appellant's claims to the best of our ability and therefore, we will review his appeal. We glean these issues from his brief:

1. Does the Commonwealth's "Count Two, CRIMINAL HOMICIDE 18 Pa. C.S. §2501A F1 (Accomplice Liability)" breach the bounds of Jurisprudence and create unconstitutional ambiguity by piecemeal when concocting a criminal charge without inclusion or reference to an actual Statutorily Enacted Criminal Offence in violation of Appellant's Constitutional Rights to Due Process under both the United States Constitution's Fourteenth Amendment and Pennsylvania's Article One, §9 and §10 ?

2. Does circumnavigating an acquittal to sentence a person to what the jury exonorated [sic] him of violate Fundamental Constitutional Rights against Double Jeopardy under the Fifth Amendment of the United States Constitution (applicable to the State through the Fourteenth Amendment), and Article One, § 10 of the Constitution of Pennsylvania ?

3. Does the PCRA court abuse discretion with inpartiality [sic] at the denial of a Petitioner's request that the Commonwealth prove its source of jurisdiction?

Appellant's Br. at 8, 12, 17.

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. *Commonwealth v. Patterson*, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. *Commonwealth v. McClucas*, 548 A.2d 573 (Pa. Super. 1988). Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar.

Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not

address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, as discussed by the trial court, Appellant's judgment of sentence became final on January 2, 2012, ninety days after the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal, and the time for filing a Petition for Writ of Certiorari with the United States Supreme Court expired. He thus had until January 2, 2013, to file a timely PCRA petition. Consequently, Appellant's instant PCRA petition, filed July 5, 2023, is patently untimely.

Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Here, Appellant did not prove any of the above exceptions in his brief. His chief assertion is that his conviction of "first-degree murder as an accomplice" is not a true criminal offense under Pennsylvania law. Appellant's Br. at 1. He claims that his criminal information sheet was ambiguous and unconstitutionally vague as to his charges, and that the General Assembly never contemplated, approved, or enacted such a charge. ***Id***. Appellant states, "This Petition does meet the exceptions, and is not the 'serial' PCRA rehashing old claims as the September 8, 2023 denial alludes—to the contrary, it is the Commonwealth's reliance on a nullity, that, thus far, has hidden the issues from an actual, fair and impartial review." Appellant's Br. at 2.

Eligibility under the PCRA requires that the petitioner be "convicted of a crime under the laws of this Commonwealth." 42 Pa.C.S.A. § 9543. Appellant asserts his charge was a "nullity"—meaning he was never convicted of a crime under the laws of this Commonwealth—and thus his claim is "timeless" because section 9543 is not applicable. Appellant's Br. at 2. Appellant claims that by continuing to rely on this "nullity," the court and Commonwealth are committing governmental interference. ***Id***.

Appellant further argues that when this Court affirmed the denial of his fourth PCRA petition on September 9, 2022, we listed his convictions and cited

in a footnote 18 Pa.C.S.A. § 306, which governs accomplice liability. Appellant's Br. at 3. Appellant asserts that this is the first time he learned of this statute, and he had never previously been charged or convicted under it.[4] He claims that this is the proof that his original conviction as an accomplice to murder was a "nullity." Appellant believes that the phrase "as an accomplice" is merely a "slogan" and a "myth," having no "legal prominence." Appellant's Br. at 4, 13.

Appellant argues that his sentence is illegal and a hearing is warranted in the PCRA court. Appellant's Br. at 5. He argues that his right against being subjected to double jeopardy has been violated under the Pennsylvania and United States Constitutions. Appellant's Br. at 6. Appellant then devotes several pages of his argument to discussing the counts as they were listed in his criminal information. Appellant's Br. at 8-10. Appellant cannot predicate his instant claims on any facts from the criminal information because they were known to the petitioner or could have been ascertained by the exercise of due diligence. Finally, Appellant argues that the Commonwealth failed to prove intent, and that his being adjudicated an "accomplice" is "not only impossible, [but] illogical and legally unsound." Appellant's Br. at 3.

_____

[4] Appellant argues that "Title 18 Pa.C.S. §306 was never charged, enumerated or mentioned prior to that footnote. Not by the prosecution, judge, defence [sic] counsel written or verbal." Appellant's Br. at 3. Later in his brief, Appellant defeats his own argument by setting forth language from his criminal information which cited 18 Pa.C.S.A. § 306 several times. **See** Appellant's Br. at 8-9.

The PCRA court found Appellant's petition untimely and dismissed it. Specifically, the court opined,

> Mr. Heleva's petition does not set forth any facts which were unknown to Mr. Heleva when he filed his second PCRA petition; he was convicted of being an accomplice to first degree murder. The trial judge's jury instructions were available to Mr. Heleva at that time. He has not cited any constitutional right that was recognized by the Supreme Court of Pennsylvania or the Supreme Court of the United States after he was convicted. No exceptions to the one year jurisdictional bar found in Section 9545 have been cited.

Tr. Ct. Op. at 3.

We agree with the trial court and discern no abuse of discretion or error in the PCRA court's determination. As for Appellant's argument that a legality of the sentence claim cannot be waived, this Court has stated, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Here, Appellant has not proved, or even asserted, that his illegal sentence claim meets any of the timeliness exceptions.

It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which,

if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant's claims have no arguable merit. He seems to oppose the concept of accomplice liability in Pennsylvania law, but he has not properly invoked our jurisdiction for us to discuss the merits of the same. Further, Appellant has failed to present any genuine issue of material fact that would entitle him to a hearing. Therefore, no relief is due.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024