J-S15037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN D GREEN | : | |
| | : | |
| Appellant | : | No. 3058 EDA 2025 |

Appeal from the PCRA Order Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0228241-1994

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED JUNE 23, 2026**

Appellant, Kevin Green, appeals *pro se* from the order entered November 6, 2025, in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note with extreme displeasure that the Philadelphia District Attorney's Office failed to file an Appellee's brief. The Commonwealth sought three extensions of time to file a brief. The Commonwealth's brief was initially due on February 18, 2026. On February 17, 2026, the Commonwealth filed its first application for an extension. The application was granted and the Commonwealth was given until March 6, 2026. The order stated that no further extensions would be granted. On April 17, 2026, the Commonwealth sought another extension of time. Due to the circumstances described in the application, this Court granted the Commonwealth an additional fourteen-day extension but stressed that no further extensions would be granted. The Appellee's brief was due on May 7, 2026. On May 7, 2026, the Commonwealth filed an application for a third extension of time, seeking an additional thirty

*(Footnote Continued Next Page)*

The relevant facts and procedural history, as gleaned from the record, are as follows: Appellant was arrested on January 27, 1994, for the murder of Lashawn Whaley which occurred on April 28, 1993. Appellant proceeded to a jury trial and was convicted of conspiracy to commit first-degree murder on February 13, 1995. Appellant filed a petition for allowance of appeal to this Court and the Pennsylvania Supreme Court. Appellant's petition was denied on April 16, 1996.

After previously filing untimely PCRA petitions, Appellant filed the instant petition on August 30, 2022. He filed an amended petition on March 16, 2023. The court filed a Notice of Dismissal on October 2, 2025. Appellant filed a response to the dismissal on October 20, 2025. The trial court entered an order dismissing the petition as untimely on November 6, 2025, accompanied by a memorandum opinion. Appellant filed a timely notice of appeal on November 17, 2025. The trial court appears to not have ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) as no order is docketed or in the record. Appellant did not file a Rule 1925(b) statement, and

_____

days. This Court denied that application by order entered May 19, 2026. At the time of writing this memorandum, the Commonwealth has still not filed a brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In **Pappas**, the panel referred to the Commonwealth's failure to file a proper Appellee's brief as "unacceptable." **Id**. We echo that opinion and once again remind the Commonwealth of its obligation to file an advocate's brief in future appeals.

- 2 -

the trial court did not file a Rule 1925(a) opinion. We rely on the trial court's November 6, 2025, opinion. This appeal follows.

Appellant raises the following issues, verbatim, for our review:

1. Did the Appellant plead and prove newly discovered facts pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) while illustrating due diligence?

2. Did the PCRA court illustrate the appearance of judicial impropriety when failing to grant evidentiary hearing and failing to acknowledge **Brady** [**v. Maryland** (373 U.S. 83)] violations?

3. Did the PCRA court deprive Appellant of due process rights for failing to grant motion to compel discovery pursuant to exceptional circumstances?

Appellant's Br. at 5 (unnecessary capitalization omitted).

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. **Commonwealth v. Patterson**, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. **Commonwealth v. McClucas**, 548 A.2d 573 (Pa. Super. 1988).

Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

- 3 -

the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Appellant's judgment of sentence became final, for purposes of the PCRA, on July 16, 1996. *See* 42 Pa.C.S.A. § 9545(b)(1)-(3); Tr. Ct. Op. at 1. Consequently, Appellant's instant PCRA petition, filed on August 30, 2022, is patently untimely. However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, our review of Appellant's PCRA petition, filed August 30, 2022, purports to raise the governmental interference exception. **See** Petition, 8/30/22, at ¶ 9 ("I intent [sic] to prove my claims are late due to governmental interference[.]"). However, the gist of Appellant's argument indicates that he is attempting to plead a newly discovered fact. **See id.** at ¶ 12 ("The above facts were unknown to [Appellant], and did not become available to him until October 11 & 17, 2021[.]").

Appellant's newly-discovered "fact" is that the Philadelphia homicide detectives involved in his case, Detectives Martin Devlin, Paul Worrell, Edward Rocks, and Manuel Santiago, engaged in a pattern of gross police misconduct resulting in his wrongful conviction, and that the prosecution failed to disclose this misconduct to the defense. **See** Amended Petition, 3/16/2023, at 2, 4.

In support of this fact, Appellant provides, *inter alia*, an October 2021 *Philadelphia Inquirer* article of wrongful convictions in several unrelated cases caused by the misconduct of Detectives Devlin and Santiago. **See** Petition, 8/30/22, Exhibit A. He also attached to his petition an October 2021 *Philadelphia Inquirer* article in which Appellant was interviewed by a journalist about his experience with the detectives when being interrogated in his own case. The article makes allegations of misconduct by the detectives in Appellant's and his co-defendant's cases, which were tried separately. **See** Petition, 8/30/22, Exhibit B. Appellant also attached a partial transcript from

his trial in 1995, several witness statements, and the verdict sheet from his 1995 federal gun trial. *See id.* at Exhibits C-G.

Incumbent on a PCRA petitioner attempting to plead and prove the newly-discovered fact timeliness exception is the obligation to

> demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. . . . Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> As an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) . . . . .

*Commonwealth v. Reeves*, 296 A.3d 1228, 1232 (Pa. Super. 2023) (brackets omitted).

For purposes of the newly-discovered facts exception, Appellant is correct that *pro se*, incarcerated petitioners are not presumed to know what is of public record. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Significantly, however, it is well-established that "newspaper articles referencing misconduct [by police] in matters unrelated to [the petitioner] do not constitute newly-discovered facts." *Reeves*, at 296 A.3d at 1233 (emphasis added).

Here, in dismissing Appellant's PCRA petition, the trial court reasoned as follows:

> First, with respect to the news article submitted by Petitioner referencing Police Misconduct *in several unrelated cases*, the Article fails to provide any support for Petitioner's claimed "fact" of Police misconduct occurring in Petitioner's case. According to **Commonwealth v. Reeves**, 296 A.3d 1228, 1233 (Pa. Super. 2023), "[N]ewspaper articles referencing police misconduct. . .in matters unrelated to [Petitioner] do not constitute newly discovered facts."; **see also Commonwealth v. Hill**, 303 A.3d 757, WL 4557059 at 5-6 (Pa. Super. 2023) citing **Commonwealth v. Trivigno**, 262 A.3d 472, WL 3465926 at *4 (Pa. Super. 2021), ("[Where, although the newspaper article reports instances of alleged misconduct by the subject detective in his investigation of other criminal cases, the newspaper article . . . does not specifically cite any admissions or conclusive findings of wrongdoing by the detective that may be linked to [Petitioner's] case. . . [.] Therefore, [Petitioner] failed to demonstrate that the newspaper article contained a fact that triggered the newly-discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii))." Thus, the Article depicting Police misconduct *in cases unrelated to Petitioner's* which Petitioner submitted, were not substantiation of Petitioner's purported fact that Philadelphia Police Detectives involved in Petitioner's case-engaged in Police misconduct *in Petitioner's case* and therefore failed as newly-discovered facts under subsection 9545(b)(1)(ii).

Tr. Ct. Op. at 3-4 (unpaginated) (emphasis in original).

We agree and find that the PCRA court's findings are supported by the record. **Patterson, supra**. Additionally, we find that the witness statements attached to Appellant's August 30, 2022, petition, even if they were not hearsay, fail to raise claims relevant to his own case and instead focus on Appellant's co-defendant who was tried separately from Appellant. Accordingly, since the article and statements presented no evidence of misconduct in his own case, Appellant cannot establish a newly-discovered fact and the PCRA court did not err in concluding such based on newspaper articles of police misconduct in unrelated cases.

- 7 -

Appellant's second article cites the interview with Appellant detailing his own experience during his interrogation with the detectives. However, this information would have been known to him since he was a participant in his own interrogation. Indeed, Appellant seems to indicate in his brief that he had raised this issue at the time of his trial. He states, "Appellant previously made the trial court aware of his personal experiences of physical abuse in which is supported by the record, and the trial court presumed Homicide Detectives and Appellant's case to be free from any of Appellant's allegations of the physical abuse/excessive force being a means to coerce a statement against his co-defendant." Appellant's Br. at 11.

In finding the second article to not raise a newly-discovered fact, the trial court reasoned:

[t]he article describing the purported coercion fails to show that this information was previously unknown to Petitioner. Petitioner, who was present at his own interrogation has been aware of the alleged fact of Detective Devlin's alleged attempted coercion of Petitioner's statement as early as the time of his interrogation. Therefore, Petitioner failed to establish that his alleged fact was unknown to him prior to filing the instant Petition in 2022 and therefore was not a previously unknown fact for purposes of subsection 9545(b)(1)(ii). As Petitioner was aware of his purported facts *years before* the filing of this Petition, his failure to file his Petition as mandated by 42 Pa.C.S.A. §9545(b)(2), namely, bringing his claim within one year[2] of the date when

---

[2] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.,* December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, N. 146, § 3. The claim that the
*(Footnote Continued Next Page)*

> Petitioner became aware that Detective Devlin allegedly tried to force a statement from him implicating his Co-Defendant, is fatal to his attempt to invoke an exception and Petitioner's attempt to resurrect this claim by appending Newspaper Articles containing his interview Petitioner believe[s] support[s] the same fact(s) was unavailing.

Tr. Ct. Op. at 4-5 (unpaginated) (emphasis in original).

Again, we agree. Since the article presented no new evidence of misconduct that would have been unknown to petitioner and did not specifically cite any admissions or conclusive findings of wrongdoing by the detectives in Appellant's case, the article cannot establish a newly-discovered fact and the PCRA court did not err in concluding such.

Next, Appellant contends that the cases evidencing the detectives' misconduct being withheld from him was a **_Brady_** violation, as he has no other way of "obtaining the files on Detectives in this instant case revealing misconduct." **_Id._** at 10. Appellant argues in his brief that the detectives involved in his case were found to have fabricated evidence and coerced testimony in several other unrelated cases, and that while the evidence is favorable to Appellant, the Commonwealth did not disclose these facts. Appellant's Br. at 9. Relevantly, however, "[t]he withheld evidence must have been in the exclusive control of the prosecution _at the time of trial_."

---

detectives used coercive or abusive tactics could have been raised as early as Appellant's interrogation, and, therefore, even if the claim could arguably constitute a "newly-discovered fact," it would have had to have been raised within the original 60-day limit.

*Commonwealth v. Haskins*, 60 A.3d 538, 547 (Pa. Super. 2012) (emphasis added). No *Brady* violation occurs when the defendant knew, or with reasonable diligence, could have discovered the evidence in question, or if the evidence was available to the defense from another source. *Id*.

Here, three of the cases that Appellant cites as evidence of the detectives' misconduct in his brief occurred in 2017, 2019, and 2022. *Id.* at 9, 12. Aside from the fact that these cases are completely unrelated to Appellant's trial, they occurred decades after his trial, and thus, could not have been in the possession of the Commonwealth at the time of his trial. Additionally, Appellant states, "[b]efore petitioner's trial, multiple allegations of coercion, fabrication and suppression involving these detectives had already surfaced." Appellant's Br. at 11. Appellant goes on to cite a 1992 case, *Commonwealth v. Veasy*, CP-51-CR-641521-1992, for support. However, Appellant does not indicate why or how the defense could not have known about this case if exercising due diligence at the time of his trial which occurred several years later. Accordingly, Appellant failed to show that he acted with due diligence and failed to prove any exception under 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

Finally, it is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super.

2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant cannot credibly claim that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief. Appellant baldly speculates as to what may be in the detectives' alleged "files" and further merely speculates that the Commonwealth had access to "a history of the homicide detectives' misconduct" prior to his trial. Appellant's Br. at 10, 14. Therefore, no relief is due.

Order Affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026