533 A.2d 141

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Melvin GANT.**

Superior Court of Pennsylvania.

Submitted May 29, 1987.

Filed Nov. 2, 1987.

Maxine Stotland, Assistant District Attorney, Philadelphia, for Com., appellant.

Before ROWLEY, KELLY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Judgment of Sentence imposed April 26, 1985, in the Court of Common Pleas of Philadelphia County sentencing the appellee, Melvin Gant, to ten years of probation.

On May 11, 1983, following a non-jury trial before the Honorable Thomas N. Shiomos, appellee, Melvin Gant, was found guilty of rape, simple assault, unlawful restraint, indecent exposure and indecent assault. Timely post-verdict motions were filed on May 20, 1983. On February 14, 1984, appellee also filed a motion for a new trial based on after-discovered evidence. On September 20, 1984, Judge Shiomos denied all post-verdict motions, and sentenced appellee to two and one-half to five years of imprisonment for rape. Appellee filed a timely petition for reconsideration of sentence on September 25, 1984. Upon consideration of appellee's petition, on December 24, 1984, Judge Shiomos vacated the sentence of September 20, 1984, and sentenced the appellee to ten years probation. Thereafter, on January 2, 1985, the Commonwealth filed a "Petition In Support of Order to Vacate." On that same January 2, 1985 date, Judge Shiomos vacated the December 24, 1984 sentence and ordered that a new sentencing hearing be scheduled. On April 26, 1985, following a hearing on the matter, the Commonwealth's petition was denied, and the sentence of

December 24, 1984 was reinstated. From the April 26, 1985 reinstatement of the December 24, 1984 sentence, this Commonwealth appeal followed.

The Commonwealth presents the following questions for our consideration:

1.  Is not the September 20, 1984 sentence of 2½ to 5 years imprisonment for rape the only valid sentence imposed where the trial court did not vacate the sentence within the required thirty day limit provided by statute?

2.  Assuming that the probationary sentence imposed on April 26, 1985, was legal, does this sentence constitute an unreasonable deviation from the sentencing guidelines which recommend a minimum sentence of 42 to 66 months for a rape conviction?

(Appellant's brief, p. 3)

In its first issue the Commonwealth contends that the sole lawful sentence imposed for appellee's rape conviction is the initial sentence of incarceration imposed by the trial court because the trial court's failure to timely vacate the original sentence bars further action by the court to alter the sentence.

■ A sentencing court may modify a sentence within thirty days after its imposition. This time period may be extended only if the court vacates the sentence within the required thirty-day limit and, while thus retaining jurisdiction, later imposes sentence. *Commonwealth v. Lynch*, 304 Pa.Superior Ct. 248, 251, 450 A.2d 664, 666 (1982).

■ Here, the trial court imposed a sentence of five to ten years incarceration on September 20, 1984, and then purported to vacate this sentence on December 20, 1984, two months beyond the expiration of its jurisdiction to modify sentence, in order to impose a ten-year probationary sentence. Both the vacation of the initial sentence and the attempted imposition of the reduced sentence are a nullity. *Commonwealth v. Martin*, 346 Pa.Superior Ct. 129, 499 A.2d 344 (1985).

Considering the foregoing the judgment of sentence imposed April 26, 1985 is vacated and the case is remanded for reinstatement of the September 20, 1984 sentence. Jurisdiction is relinquished.[1]

1. Because of our disposition of appellant's first claim we do not reach the merit of the remaining claim.