J-A21043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. PRICE | : | |
| | : | |
| Appellant | : | No. 1874 MDA 2024 |

Appeal from the PCRA Order Entered November 26, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001108-2022

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: SEPTEMBER 5, 2025**

Appellant, Daniel Allen Price, appeals from the order entered November 26, 2024, in the Court of Common Pleas of Adams County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm the order being appealed but remand with instructions.

The PCRA court summarized the relevant facts and procedural history as follows:

> Petitioner was arrested on August 19, 2022 and charged with driving under the influence of alcohol, obstructing administration of law or other governmental function, institutional vandalism, and disorderly conduct.[1]

---

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 3802(a)(1), 3804(c); 18 Pa.C.S.A. § 5101; 18 Pa.C.S.A. § 3307(a)(3); 18 Pa.C.S.A. § 5503(a)(4).

On October 16, 2022, trial counsel, Sean Quinlan, Esquire (hereinafter "Attorney Quinlan"), was privately retained by Petitioner and entered his appearance. On October 18, 2022, Attorney Quinlan and Petitioner waived their appearance at formal arraignment. A criminal information was filed on October 19, 2022.

On March 13, 2023, Petitioner appeared with Attorney Quinlan before the Court and entered pleas of guilty to count 1, DUI, general impairment with a refusal, graded as a felony of the third degree and third offense in violation of § 3802(a)(1) of the Vehicle Code with the enhancement under § 3804(c), count 2, obstructing administration of law, in violation of § 5101 of the Crimes Code as a misdemeanor of the second degree, and count 3, institutional vandalism, in violation of § 3307(a)(3) of the Crimes Code as a misdemeanor of the second degree. The pleas were open without agreement. A presentence investigation was ordered.

On May 15, 2023, Petitioner appeared with Attorney Quinlan for sentence. The [c]ourt sentenced Petitioner on count 1 to 84 months of probation with 12 months restrictive DUI conditions, all to be served at the Adams County Adult Correctional Complex Work Release Facility. On counts 2 and 3, the [c]ourt sentenced Petitioner to 24 months of probation to run concurrent to count 1. Petitioner was granted custody credit from August 19 through August 21, 2022.

On August 21, 2023, Petitioner filed a pro se Motion to Modify Sentence[2], requesting that a portion of the 12 months restrictive DUI conditions be served on house arrest. On November 16, 2023, the [c]ourt entered an amended order of court amending the [c]ourt's sentencing order dated May 15, 2023 as follows:

> Sentence of the Court is Defendant is placed on probation for a period of 84 months with 12 months restrictive DUI conditions, 6 months to be served in the Adams County Adult Correctional Complex Work Release Facility and 6 months on house arrest with electronic monitoring and SCRAM. Defendant has

_____

[2] This untimely motion will be discussed *infra*.

custody credit from June 15, 2023 through November 16, 2023. Defendant may be transitioned to house arrest with electronic monitoring and SCRAM on or about December 15, 2023 provided Defendant has an approved home plan and does not violate the conditions of the Adams County Adult Correctional Complex or the Adams County Department of Probation Services.

On June [14], 2024, Petitioner filed a PCRA through PCRA counsel Lonny Fish, (hereinafter "Attorney Fish"), alleging that Attorney Quinlan was ineffective by failing to file a Motion to Suppress on Petitioner's behalf. On July 18, 2024, the Commonwealth filed an answer to Petitioner's PCRA petition.

On October 22, 2024, a PCRA hearing was held before the [c]ourt. Attorney Quinlan testified at the PCRA hearing that he has been a licensed attorney since 2001. He worked for the York County District Attorney's Office for 2 years. He was a private attorney from approximately 2003 through 2007 and then from 2013 to the present. The majority of his practice involves criminal cases, with the majority of these cases being DUI cases.

Attorney Quinlan testified that he did not file a motion to suppress on behalf of Petitioner because there was no merit or factual basis to support a suppression motion based on the facts of the case.

Petitioner testified at the PCRA hearing that he was driving his car on the night of his arrest (August 19, 2022) in the Borough of Gettysburg. Petitioner testified that the vehicle was registered to both he and his mother, he was the only individual in the vehicle, and he had a beard on August 19, 2022.

Tr. Ct. Op. at 1-3.

Following the October 22, 2024, PCRA hearing, the trial court entered an order on November 26, 2024 denying Appellant's PCRA petition. Appellant filed a timely notice of appeal dated December 19, 2024. Thereafter, Appellant

filed a concise statement pursuant to Pa.R.A.P. 1925(b) on January 14, 2025. This appeal followed.

Appellant raises one issue for our review: "Did the Court of Common Pleas err in denying the defendant's claims of ineffective assistance of counsel?" Appellant's Br. at 1.

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. ***Commonwealth v. Patterson***, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. ***Commonwealth v. McClucas***, 548 A.2d 573 (Pa. Super. 1988).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

***Commonwealth v. Spotz***, 84 A.3d 294 (Pa. 2014). In order to prove counsel ineffective, an appellant must demonstrate that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Id***. "If a petitioner

fails to prove any of these prongs, his claim fails." *Id*. "[I]t is well-settled that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the test, the court may proceed to that element first." *Koehler*, 36 A.3d at 132 (citation omitted).

Moreover, "[w]hen an ineffectiveness claim is premised on the fact that trial counsel never moved for suppression, the appellant must first establish that there was no reasonable basis for counsel's inaction in the matter." *Commonwealth v. Ervin*, 691 A.2d 966, 973 (Pa. Super. 1997). "Second, the appellant must show that a reasonable probability exists that the verdict would have been more favorable if suppression had been granted." *Id*. Counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Washington*, 927 A.2d 586, 603 (Pa. 2007).

Appellant argues that his counsel was ineffective for failing to file a suppression motion which he requested his attorney file. Appellant's Br. at 4. Specifically, Appellant states that Attorney Quinlan's failure to file a suppression motion compelled Appellant to plead guilty as he felt he had no other options. *Id.* at 4. Attorney Quinlan admitted that Appellant expressed a desire to file a motion to suppress but that he refused to do so because he deemed it frivolous. *Id.*; N.T., 10/22/24, at 9. Appellant argues that under Pennsylvania law,

> a policeman's "knowledge a vehicle is owned by an individual whose driving privileges are suspended coupled with the

assumption that the owner is driving the vehicle, does not give rise to articulable and reasonable grounds to suspect that a violation of the vehicle code is occurring every time this vehicle is operating during the owners suspension."

Appellant's Br. at 10 (citing *Commonwealth v. Andersen*, 753 A.2d 1289 (Pa. Super. 2000)). Attorney Quinlan admitted that the affidavit of probable cause contained no information indicating that the police officer observed the vehicle's driver prior to the stop. Thus, he argues, because the only information available to the police officer was that the owner of the vehicle had a suspended license, the police officer lacked the reasonable suspicion necessary to stop Appellant's vehicle. Appellant's Br. at 5. Accordingly, had attorney Quinlan filed a motion to suppress the traffic stop, it would have likely been meritorious. *Id*. We disagree.

A police officer can run a vehicle plate at any time, and it is not considered a search under Pennsylvania law. *See Commonwealth v. Bolton*, 831 A.2d 734, 737 (Pa. Super. 2003). When a police officer checks a license plate and the results reveals that the owner has a suspended license, the police officer has a legal basis for a traffic stop unless the police officer clearly determines that the driver of the vehicle is someone other than the registered owner. *Commonwealth v. Jefferson*, 256 A.3d 1242, 1249 (Pa. Super. 2021). In *Jefferson*, this Court adopted the United States Supreme Court's ruling regarding reasonable suspicion for a police officer to stop a vehicle based on the owner of the vehicle not possessing a valid driver's license. The

***Jefferson*** Court ruled, "when the officer lacks information negating an inference that the owner is the driver of the vehicle, the stop is reasonable." ***Jefferson***, 256 A.3d at 1249 (quoting ***Kansas v. Glover***, 589 U.S. 376, 378 (2020)).

> We further stated:

> > ***Andersen*** can only be understood to reflect this Court's interpretation of Fourth Amendment standards, [so] we must conclude that it has been overruled by ***Glover***, and provides no support for the notion that Section 8 provides greater protection than the Fourth Amendment in these circumstances.

***Id***. Accordingly, while there was once a requirement to verify that the driver was the owner before stopping the vehicle, ***see, e.g., Andersen, supra.***, this Court no longer follows the ***Andersen*** rule cited by Appellant as support for his position in the instant appeal.

> Here, the PCRA court stated:

> > Officer Wenrich ran the license plate of the vehicle stopped (a red Dodge Ram) to which Petitioner was a registered owner. Therefore, Officer Wenrich was aware that the registered owner of the red Dodge Ram had a suspended license. At the PCRA hearing, Petitioner testified he was the only individual present in the red Dodge Ram and had a beard on the date of the arrest. Since the Officer had no information negating an inference that the owner of the vehicle was the driver of the vehicle, he had reasonable suspicion to believe that the driver of the vehicle was Petitioner, and thus had reasonable suspicion to effectuate a traffic stop. Based on the Superior Court's ruling in ***Commonwealth v. Jefferson***, there is no merit to Petitioner's claim that Attorney Quinlan was ineffective for failure to file a motion to suppress.

Tr. Ct. Op. at 5-6.

We agree. As stated above, it is established that an officer must lack information negating an inference that the owner is the driver of the vehicle for the stop to be unreasonable. *Jefferson, supra*. Appellant states in his brief, "there was no additional identifying information about Mr. Price or any vehicle occupants before the officer made the stop." Appellant's Br. at 4. Thus, Appellant admits that the police officer lacked information negating the inference that he, the owner, was the driver of the vehicle. Accordingly, the traffic stop was valid and a suppression motion would have been frivolous. We agree with the trial court that Appellant failed to establish the arguable merit prong of the ineffective assistance analysis. We affirm the PCRA court's order.

Notwithstanding our disposition that Appellant's issue on appeal merits no relief, we elect to review Appellant's sentence *sua sponte*. **See Commonwealth v. Gant**, 533 A.2d 141, 142 (Pa. Super. 1987). A sentencing court may modify a sentence within thirty days after its imposition. This time period may be extended *only* if the court vacates the sentence within the required thirty-day limit and, while thus retaining jurisdiction, later imposes sentence. **Commonwealth v. Lynch**, 450 A.2d 664, 666 (Pa. Super. 1982). Here, Appellant's original sentencing order was entered on May 18, 2023. Appellant filed a *pro se* post-sentence motion to modify sentence on August 21, 2023, ninety-six days after his sentencing order was entered. The trial court amended Appellant's sentence on November 16, 2023. Where a trial court attempts to modify a sentence pursuant to an untimely post-sentence

motion more than thirty days after sentencing, its action is a nullity. *Commonwealth v. Santone*, 757 A.2d 963, 965-66 (Pa. Super. 2000).

This Court can find nothing in the record that would have allowed the trial court to entertain this motion. The docket does not indicate that the trial court vacated its original sentence within thirty days of sentencing, or ever. The docket labels Appellant's August 21, 2023, *pro se* filing as a "petition" rather than a motion. However, even if the trial court construed this *pro se* motion as a first PCRA petition, it would have been improper because claims regarding the discretionary aspects of sentence[3] are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii); *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007).

Additionally, the record reflects that Appellant was advised of his post-sentence rights as required by Pa.R.Crim.P. 704(C)(3)(a). As part of Appellant's guilty plea colloquy, Appellant signed the colloquy form and initialed next to the paragraph that states:

---

[3] Appellant's motion seeking to serve a portion of his restrictive conditions on house arrest as opposed to at a work release facility implicated the discretionary aspects of his sentence. *Commonwealth v. Ritchie*, 305 A.3d 1018 (Pa. Super. 2023) (unpublished memorandum) (treating an appellant's claim that the trial court should have imposed a sentence of house arrest with electronic monitoring as opposed to work release as a challenge to the discretionary aspects of sentencing). We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandum cited supra and find it to be persuasive in this matter.

> I have the right to file post-sentence motions with this Court. If I choose to file such a motion, it must be in writing and must specify the issues which I intend to raise. Such a motion must be filed with the Adams County Clerk of Courts Office within ten (10) days of the date of my sentence. A post-sentence motion may include: . . . a motion asking that the Court modify the sentence imposed[.]

Statement of Post-Sentence Rights, 5/15/23, at ¶ 2. At sentencing, the following exchange occurred on the record:

> THE COURT: Mr. Price, as part of your Guilty Plea Colloquy, you would have filled out a Statement of Post-Sentence Rights. Did you review those with Attorney Quinlan?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand them?
>
> THE DEFENDANT: Yes, Your Honor.

N.T., 5/15/23, at 7. Finally, the trial court's sentencing order states, "Defendant has completed a Statement of Post-Sentence Rights, which is made part of the record in this case." Tr. Ct. Order, 5/18/23, at 2. Accordingly, there was no breakdown of court procedures that would have entitled Appellant to file an untimely post-sentence motion.

Thus, the trial court's November 16, 2023, order modifying Appellant's sentence is a legal nullity. Accordingly, we *sua sponte* vacate the trial court's November 16, 2023, order amending Appellant's sentence. We remand for the trial court to reinstate the original sentencing order filed May 18, 2023. Appellant must return to work release for the remainder of his sentence if there is any time remaining.

- 10 -

Order denying PCRA petition is affirmed. Sentencing order is vacated and the record is remanded with instructions. Jurisdiction Relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/05/2025